UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**ORIGINAL**

-----------------------------------------------------------------------X

CARMEN CRUZ

                      Plaintiff,

              -against-

HENRY MODELL & COMPANY, INC d/b/a and/or
a.k.a MODELL'S SPORTING GOODS, and GREGORY
KELLERMAN (in his individual and official capacity)

                  Defendants.

-----------------------------------------------------------------------X

$CV^{Docket No.}$ **05 1450**

**COMPLAINT**
*Jury Trial is Demanded*

**KORMAN, CH. J**
**ORENSTEIN, M.**

PLAINTIFF, CARMEN CRUZ, by and through her attorneys, THE LAW OFFICES OF

FREDERICK K. BREWINGTON, states and alleges as follows:

### PRELIMINARY STATEMENT

1.     This is a civil action seeking monetary relief, compensatory, punitive damages,

disbursements, costs and fees for violations of the Plaintiff's rights, brought pursuant to 42 U.S.C. §

1981, 42 U.S.C § 2000a, New York State Civil Rights Law, New York State Executive Law, false

imprisonment, negligence, defamation, intentional infliction of emotional distress, negligent infliction

of emotional distress, and vicarious liability.

2.     Plaintiff alleges that the Defendants (collectively and individually) negligently,

wantonly, recklessly, intentionally and knowingly sought to and did wrongfully deprive her of her

Civil rights and other rights pursuant to the laws of the State of New York, pursuant to the above

mentioned statute and causes of action by committing racially discriminatory acts and depriving the

Plaintiff of her rights secured by the Constitution of the United States, the Constitution of the State of

New York and laws of the State of New York.

3.     More specifically, Plaintiff alleges that she was wrongfully watched, scrutinized,

1

followed, stopped, arrested, falsely accused, defamed, profiled, prosecuted under false pretenses, and damaged, by Defendants, HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S SPORTING GOODS and GREGORY KELLERMAN because of her race and color. Additionally, the Defendants are liable to the Plaintiff for defamation, and for conspiring to condone and encourage such civil rights violations by failing to properly investigate and punish actual shoplifters, while wrongfully and falsely accusing certain customers of crimes simply because of their race/color. Defendants are liable to the Plaintiff for maliciously fabricating, implementing and prosecuting charges against the Plaintiff.

4.      Further, Defendants deprived CARMEN CRUZ of her rights due to her race and color. Said failure by Defendants to properly investigate alleged thefts, while improperly profiling and accusing minority customers, demonstrates a callous indifference towards Plaintiff and supports systemic violations of civil and due process rights among minority persons. The pattern of indifference by HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S SPORTING GOODS and its employee/agent, GREGORY KELLERMAN, encourages employees to believe that they can abuse minority customers with impunity, and thus foreseeably led to the unjustified arrest, false imprisonment, malicious prosecution, defamation of character, and intentional infliction of emotional distress of CARMEN CRUZ.

## JURISDICTION AND VENUE

5.      The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343.

6.      This Court is requested to exercise supplemental jurisdiction with respect to Plaintiff's State Law claims pursuant to 28 U.S.C. § 1367.

7.      Venue in the Eastern District of New York is proper under 28 U.S.C. § 1391, based on

2

the fact that Plaintiff resides in Nassau County. Furthermore, the place where the events and violations herein alleged occurred was in Suffolk County.

## PARTIES

8.      Plaintiff, CARMEN CRUZ (hereinafter "MS. CRUZ"), is an African American woman. MS. CRUZ is currently 32 years of age. MS. CRUZ resides in Roosevelt, New York, in the County of Nassau with her mother and her young daughter. Ms. CRUZ is a single parent and primary guardian of her daughter. MS. CRUZ is employed as a Certified Nursing Assistant at a nursing home located in Nassau County. Prior to the incident, which is the subject of the instant action, MS. CRUZ had never been arrested or convicted of any crimes.

9.      Upon information and belief, Defendant, HENRY MODELL & COMPANY, INC. d/b/a and/or a.k.a MODELL'S SPORTING GOODS (hereinafter referred to as "MODELL'S) operate approximately 115 stores throughout New York, New Jersey, Pennsylvania, Connecticut, Delaware, Maryland, Massachusetts, New Hampshire, and Virginia. HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S SPORTING GOODS is a retailer of sporting goods, sporting apparel, menswear and brand name athletic footwear. The MODELL'S store in the instant action is located at 1440 Old Country Road, Riverhead, NY 11901, in the County of Suffolk.

10.     Upon information and belief, Defendant, GREGORY KELLERMAN (hereinafter "MR KELLERMAN"), is the store manager of the MODELL'S store located at 1440 Old Country Road, Riverhead, NY 11901, in the County of Suffolk. Mr. Kellerman is a white male. Mr. Kellerman has been employed with MODELLS for approximately eight years and has been the store Manager at the above-mentioned MODELL'S location for almost two years.

## FACTUAL ALLEGATIONS

11.     On the afternoon of March 18, 2004, MS.CRUZ, along with her friend and her

3

friend's then 13 year old daughter, were shopping at an outlet mall, referred to as "Tangers,"located in the Town of Riverhead, County of Suffolk.  MS. CRUZ and her friends were shopping for sports jerseys (for Ms, Cruz's daughter) and other items.

12.	MS. CRUZ and her friends advised an employee, who worked in the Tangers Mall that they were looking for sports jerseys. The employee, referred them to a Modells Sporting Goods Store, which was located a short distance from the Tangers Mall. At the suggestion of this employee, MS. CRUZ and her friends visited the Modell's department store located at 1440 Old Country Rd, in the Town of Riverhead, County of Suffolk, New York.

13.	A few minutes after entering the store, MS. CRUZ was approached by a MODELL'S employee (later identified as the store manager, Defendant GREGORY KELLERMAN), who asked her if she needed assistance.

14.	Ms. Cruz explained to the manager that she was looking for a particular football jersey for her daughter. Although Defendant, KELLERMAN, suggested that she look at men's jerseys, MS. CRUZ explained that the mens jerseys would be too big for her daughter. Defendant, KELLERMAN, then directed MS. CRUZ and her friends to the boys (children's) jerseys.

15.	Defendant, KELLERMAN, escorted Ms. Cruz to the children's section. MS. CRUZ searched the stock of boys football jerseys and looked for a particular size. MS. CRUZ selected 2 New York Jet jerseys for her daughter. MS. CRUZ friends were also looking for sports jerseys and were shopping in the same area as MS. CRUZ.

16.	Upon information and belief, after Defendant, KELLERMAN, directed MS. CRUZ to the area where the children's jerseys were located, Defendant, KELLERMAN, without justification and/or reasonable basis, began following and profiling MS. CRUZ and her friends.

4

17.     After Defendant, KELLERMAN, directed MS. CRUZ to the area where the children's jerseys were located, Defendant, KELLERMAN, without justification and/or reasonable basis, began watching and scrutinizing MS. CRUZ and her friends, making them uncomfortable.

18.     Upon information and belief, MS. CRUZ and her friends were the only African American customers in this particular MODELL'S store at that particular time.

19.     Upon information and belief, no similarly-situated non African American customers were followed and/or scrutinized by Defendant, KELLERMAN, or any other employee at MODELL'S as was MS. CRUZ and her friends.

20.     Upon information and belief, Defendant, KELLERMAN, profiled, followed and scrutinized MS. CRUZ and her friends solely because they were African Americans.

21.     While MS. CRUZ and her friends were shopping in the children's jersey section, Defendant, KELLERMAN, approached the group several times and asked them if they needed assistance. Each time Defendant, KELLERMAN, approached the group, they politely advised him that they did not need assistance at that time.

22.     No other employees, in the MODELL'S store at that time, approached MS. CRUZ or any of her friends.

23.     Sometime after Defendant, KELLERMAN, directed MS. CRUZ to the children's jersey section, MR. KELLERMAN returned, again, and asked Ms. Cruz if she needed help. By that time, MS. CRUZ had already found the jersey's that she wanted to purchase.

24.     MS. CRUZ then asked Defendant, KELLERMAN, for sport caps to match the jerseys.

25.     Defendant, KELLERMAN, directed MS. CRUZ to the register because the sport

5

caps were located and kept behind the register.

26.     MS. CRUZ went to the register, selected a cap (which was handed to her by an employee) and returned to the children's section where her friends were shopping. MS. CRUZ advised her friends that she had found what she needed and she was ready to purchase the items.

27.     The jerseys and caps that MS. CRUZ selected were in her hands, in plain view, at all times after MS. CRUZ had selected said items.

28.     At no time did MS. CRUZ steal, conceal, hide, or misappropriate any of the items that she had selected to purchase at the MODELL'S.

29.     At no time was MS. CRUZ or her friends acting in a manner consistent with that of a shoplifter or someone who intended to wrongfully destroy goods.

30.     Shortly after MS. CRUZ returned to the children's section to regroup with her friends,  the store manager, KELLERMAN, along with police officers, approached Ms. Cruz just as Ms. Cruz and the others were about to proceed to the register to purchase the items.

31.     Upon information and belief, there were four police officers present to arrest MS. CRUZ. Three of the officers along with Defendant, KELLERMAN, approached MS. CRUZ while an additional officer remained near or around the front entrance of the store.

32.     In front of the police officers, MS. CRUZ'S friends, other employees of MODELL'S and customers, Defendant, KELLERMAN,, on behalf of MODELL'S, wrongfully and untruthfully accused Ms. Cruz of attempting to steal mens football jerseys.

33.     More specifically, Defendant, KELLERMAN,, on behalf of MODELL'S, untruthfully alleged that MS. CRUZ broke a security ink tag device (which contained ink that is designed to stain the clothing and hands of those who try to pry the device off through force) off of

6

a certain adult-sized New York Jets football jersey.

34. Defendant, KELLERMAN, on behalf of MODELL'S, also untruthfully told the police that MS. CRUZ attempted to conceal the adult-sized football jerseys on her person and exit the MODELL'S store without paying for same.

35. Defendant, KELLERMAN, then advised the police officers that he wanted MS. CRUZ arrested. The police officers arrested MS. CRUZ, based upon Defendant, KELLERMAN'S, false accusations, and took her into custody.

36. In response to Defendant, KELLERMAN, 'S false accusations, MS. CRUZ advised Defendant, KELLERMAN, and the police officers that the items that she was going to purchase were in her hands. She then showed the officers the children's football jerseys and matching sport caps that were in her hands. Nevertheless, the officers took Ms. Cruz into custody because of the malicious suggestions of Defendants, KELLERMAN and MODELL'S, who falsely insisted that MS. CRUZ tried to steal the adult-sized football jerseys.

37. Upon information and belief, during MS. CRUZ'S arrest at the Modell's store, improper, racially-insensitive comments were made to MS. CRUZ by Defendant, KELLERMAN, and one of the police officers.

38. More specifically, while referring to MS. CRUZ as "you people", Defendant, KELLERMAN, along with one of the police officers advised MS. CRUZ that she should not have gone to Riverhead, or MODELL'S.

39. While referring to MS. CRUZ as "you people", Defendant, KELLERMAN, along with one of the police officers told MS. CRUZ that "you people" should stay in your own areas to shop and steal merchandise.

7

40.     While referring to MS. CRUZ as "you people", Defendant, KELLERMAN, along with one of the police officers overtly suggested MS. CRUZ that African Americans customers were not welcomed at the store.

41.     Defendants accused MS. CRUZ of damaging the ink filled security devices, damaging the jerseys to which said devices were attached, concealing the damaged jerseys on her person, and attempting to exit the store with stolen merchandise. However, no stolen merchandise was discovered or recovered from Ms. Cruz's person or personal effects (with the exception of the children's jerseys that were in MS. CRUZ'S hand, which she was about to purchase).

42.     Defendants accused MS. CRUZ of damaging the ink filled security devices, damaging the jerseys to which said devices were attached, concealing the damaged jerseys on her person, and attempting to exit the store with stolen merchandise. However, there were no ink stains anywhere on MS. CRUZ'S person, hands, clothing or effects.

43.     Defendant, KELLERMAN, never witnessed MS. CRUZ engage in any of the alleged criminal acts of which she was accused.

44.     Defendant, KELLERMAN, never saw any ink stains, from the security devices, anywhere on MS. CRUZ'S person or effects.

45.     Defendant, KELLERMAN, on behalf of MODELL'S, knowingly and willingly gave false statements to the police in order to subject MS. CRUZ to a false and demeaning arrest.

46.     Defendant, KELLERMAN, on behalf of MODELL'S, wrongfully followed MS. CRUZ and her friends around the store and kept a close eye on them.

47.     In addition, Defendant, KELLERMAN, directed and escorted MS. CRUZ and her friends to the children's section and was aware that MS. CRUZ was shopping for children's

8

football jerseys. In fact, KELLERMAN was aware of MS. CRUZ and her friends' whereabouts at all times during their visit to MODELL'S.

48.    Defendant, KELLERMAN, was aware that MS. CRUZ did not shop in the areas and/or sections of the store where the men's football jerseys were located.

49.    Defendant, KELLERMAN, was aware that MS. CRUZ did not step foot in the Men's department where the adult-sized football jerseys were located.

50.    Nevertheless, Defendant, KELLERMAN, on behalf of MODELL'S, knowingly, falsely and maliciously accused MS. CRUZ of standing in the men's section of the store, trying to steal men's jerseys and damaging said jersey in the process of trying to steal same.

51.    Upon information and belief, no similarly situated, non African American customers were watched, followed, harassed and/or wrongfully accused of shoplifting by Defendants.

52.    Upon information and belief, Defendants subjected MS. CRUZ to mistreatment and false arrest solely because of her race/color.

53.    MS. CRUZ was subsequently placed in a police car. While she was sitting in the police car, a police officer brought out the men's football jerseys that Defendants alleged were stolen and/or damaged by MS. CRUZ. The jerseys were handed to the officers by KELLERMAN.

54.    Upon information and belief, Defendant, KELLERMAN, retrieved the jersey from the sales floor and had no knowledge as to how the jersey's were damaged or who damaged the jerseys. However, KELLERMAN, and MODELL'S, made the representation that the jerseys were destroyed by MS. CRUZ, without any factual basis.

55.    Defendant, KELLERMAN, and/or MODELL'S did not bother to investigate

9

whether the jerseys were damaged by any of the non African American customers who visited the store. Instead, MR. KELLERMAN, on behalf of MODELL'S, instantly and incautiously accused MS. CRUZ because she (and her friends) were the only African American customers in the store who happened to be shopping for football jerseys.

56.    MS. CRUZ was wrongfully charged with violating Penal Law §§ 110.00/155.25, Attempted Petit Larceny for allegedly trying to steal the men's football jerseys, and two counts of Penal Law § 145.00, Criminal Mischief, for allegedly damaging the men's football jerseys and ink filled security devices.

57.    In support of Defendant, KELLERMAN'S, false accusations against MS. CRUZ, KELLERMAN, on behalf of MODELL'S, signed an official statement falsely alleging that "[MS. CRUZ] did attempt to remove a New York Jets football jersey valued at $49.99 by removing the "DYE STOP TAG", & attempted to concealed it upon his person and removed said property from the store without permission to do so and without paying for same."

58.    Defendant, KELLERMAN, never saw MS. CRUZ remove a "stop dye tag" nor did MS. CRUZ ever touch any stop dye tag device.

59.    Defendant, KELLERMAN, never witnessed MS. CRUZ conceal football jerseys (or any other items) upon her person without paying for same.

60.    Defendant, KELLERMAN, never witnessed MS. CRUZ attempt to leave the store at any time while MS. CRUZ shopped at MODELL'S.

61.    With knowledge that the statement that Defendant, KELLERMAN, made against Ms.CRUZ was false and contained material misrepresentations of facts, KELLERMAN nevertheless signed said statement, and attested to the statement's truth.

10

62.    With knowledge that the statement that Defendant, KELLERMAN, made against Ms. RUZ was false and contained material misrepresentations of facts, KELLERMAN , on behalf of MODELL'S, signed the statement and allowed his false statement to become part of a misdemeanor information, for which MS. CRUZ was arrested and prosecuted.

63.    With knowledge that the statement that Defendant, KELLERMAN, made against Ms. CRUZ was false and contained material misrepresentations of facts, neither KELLERMAN or MODELL'S bothered to correct the statement at anytime before MS. CRUZ went to trial.

64.    As a result of Defendant's false accusations, Ms. Cruz was arrested and taken into custody by the Town of Riverhead Police. MS. CRUZ was subsequently, fingerprinted, photographed, handcuffed, detained and subjected to other police activity. Following MS. CRUZ'S arrest, MS. CRUZ was arraigned at the Town of Riverhead Justice Court and charged with Petit Larceny and 1 count of criminal mischief. She pleaded not guilty to all of the charges. Thereafter, when MS. CRUZ would not plead guilty, Defendants caused an additional charge of criminal mischief to be filed against her.

65.    MS. CRUZ'S criminal trial (People v. Carmen Cruz, under docket no: 2004-CRI-213) commenced almost one year later, on February 24, 2005, at the Town of Riverhead Justice Court, before the Honorable Allen Smith.

66.    Upon information and belief, the Assistant District Attorney talked to KELLERMAN on several occasions during the year in-between MS. CRUZ'S arrest and trial.

67.    Upon information and belief, The Assistant District Attorney, contacted Defendant, KELLERMAN, on numerous occasions to find out exactly what Defendant, KELLERMAN, witnessed with respect to the alleged criminal acts of MS. CRUZ.

11

68.     Upon information and belief, Defendant, KELLERMAN, advised the Assistant
District Attorney that he did not actually witness the alleged acts for which he accused MS. CRUZ,
but wanted her to plead guilty and wanted her punished.

69.     Upon information and belief, and based upon Defendant, KELLERMAN,'S
representations to the Assistant District Attorney, that he did not actually witness MS. CRUZ engage
in the alleged criminal acts, the Assistant District Attorney offered MS. CRUZ an adjournment in
contemplation of dismissal (hereinafter "ACOD").

70.     MS. CRUZ refused the Assistant District Attorney's offer and would not accept
anything other that a dismissal of the charges, on the merits, because she knew that she was innocent
and falsely accused by Defendants.

71.     Upon information and belief, when the Assistant District Attorney discovered that
MS. CRUZ would not accept any plea offers, he contacted Defendant, KELLERMAN, again, to find
out what KELLERMAN knew about MS. CRUZ'S alleged criminal acts.

72.     Upon information and belief, once again, Defendant, KELLERMAN, advised the
Assistant District Attorney that MS. CRUZ committed the alleged criminal acts, but he did not
exactly see MS. CRUZ do anything.

73.     On February 24, 2005, Defendants, KELLERMAN, and MODELL'S, testified
against MS. CRUZ at her criminal trial.

74.     During Defendant, KELLERMAN'S, testimony, KELLERMAN, falsely testified as
to witnessing MS. CRUZ commit all of the alleged criminal acts for which she was charged.

75.     Defendants, KELLERMAN, and MODELL'S, testified falsely against MS. CRUZ
in order ensure that MS. CRUZ would be convicted of the alleged crimes.

12

76.    In addition to falsely testifying that he witnessed MS. CRUZ engaging in the alleged criminal acts Defendants, KELLERMAN, and MODELL'S, also falsely testified that they witnessed MS. CRUZ'S friends keeping look-out for MS. CRUZ while she committed the alleged acts.

77.    In addition to falsely testifying that he witnessed MS. CRUZ engaging in the alleged criminal acts, Defendants, KELLERMAN and MODELL'S also falsely testified that they witnessed MS. CRUZ'S friends attempting to steal merchandise.

78.    More specifically, Defendants, KELLERMAN and MODELL'S, testified that they witnessed MS. CRUZ'S friends stuff merchandise in a large handbag that one of her friends was carrying at the time.

79.    Neither MS. CRUZ or her friends carried any shopping bags into the MODELL'S on the date that MS. CRUZ was falsely accused arrested for shoplifting.

80.    On the date of the alleged incident (March 18, 2004), Defendant, KELLERMAN, wrongfully effected a citizen's arrest upon MS. CRUZ for allegedly damaging and attempting to steal merchandise.

81.    Although Defendant, KELLERMAN, falsely alleged, under oath at trial, that MS. CRUZ'S friends were also shoplifting and assisting MS. CRUZ in committing her alleged crimes, KELLERMAN did not effect a citizen's arrest of MS. CRUZ'S friends.

82.    Defendants, KELLERMAN and MODELL'S, falsely testified that MS. CRUZ'S friends assisted her in committing the alleged crimes, for the sole purpose of prejudicing the jury in furtherance of their attempt to ensure that MS. CRUZ would be convicted of the alleged acts.

83.    Defendant, KELLERMAN and MODELL'S also falsely testified that MS. CRUZ'S

13

friends attempted to threaten and coerce the police officers as they were trying to arrest MS. CRUZ. Defendant, KELLERMAN, also testified that the police officers were, indeed, threatened by MS. CRUZ and her friends.

84.   Defendant, KELLERMAN and MODELL'S, lied on the witness stand, and alleged that MS. CRUZ friends threatened and intimidated police officers, in order to prejudice the jury and ensure that MS. CRUZ would be convicted for committing the alleged crimes.

85.   In addition, Defendant, KELLERMAN, on behalf of MODELL'S, told the jury that MS. CRUZ appeared disheveled and nervous and may have been under the influence of drugs and/or alcohol at the time of the alleged acts.

86.   MS. CRUZ does not abuse drugs or alcohol and was not under the influence of drugs and/or alcohol on the date of the alleged incident.

87.   In order to convince the jury that MS. CRUZ may have been under the influence of drugs and/or alcohol, Defendant, KELLERMAN and MODELL'S, falsely testified that he had conversations with MS. CRUZ wherein MS. CRUZ appeared to be incoherent and was making statements that did not make sense.

88.   The aforementioned-alleged conversations, which KELLERMAN falsely testified, never occurred.

89.   Defendant, KELLERMAN, testified that MS. CRUZ told him that she was related to the professional athlete, Dion Sanders, and was looking for a Dion Sanders football jersey.

90.   The conversation, concerning professional athlete Dion Sanders, did occur on the date in question. However, the conversation took place between Defendant, KELLERMAN, and MS. CRUZ's 13 year old friend (Tiffany Sanders), who accompanied MS. CRUZ to the MODELL'S

14

store that day.

91.     Although Defendant, KELLERMAN, knew that he did not have said conversations with MS. CRUZ, KELLERMAN and MODELL'S, falsely asserted that the conversation took place between himself and MS. CRUZ in a callous attempt to substantiate his false allegations that MS. CRUZ was incoherent on the date in question.

92.     MR. KELLERMAN and MODELL'S falsely testified on the witness stand and alleged that MS. CRUZ may have been under the influence of drugs and/or alcohol, in order to prejudice the jury and ensure that MS. CRUZ would be convicted for committing the alleged crimes.

93.     Defendants destroyed the evidence - i.e., the football jerseys and the ink tag security devices that MS. CRUZ was alleged to have damaged and attempted to steal - shortly after MS. CRUZ was falsely arrested for attempting to shoplift at MODELL'S.

94.     Defendant, KELLERMAN, testified that he purposefully destroyed said evidence.

95.     Defendants knowingly destroyed the evidence even thought they knew that the evidence was and/or would be the subject of a criminal investigation and prosecution against MS.CRUZ.

96.     Defendants knowingly destroyed the evidence in furtherance of their scheme to racially profile, falsely accuse, and have MS. CRUZ charged with the alleged crimes.

97.     Defendants knowingly destroyed the evidence in order to hinder and/or prevent MS. CRUZ, her attorneys, and the jury from examining the physical evidence.

98.     Defendants knowingly destroyed the evidence so that the jury would have to rely solely on their representations that the items were damaged in the manner that they alleged.

99.     MS. CRUZ was, in deed, prevented from examining the evidence in preparation of

15

her defense for her criminal trial as a result of Defendants' destruction of the evidence.

100.     MS. CRUZ was, in deed, prevented from showing the items to the jury as a result of Defendants' destruction of the evidence.

101.     A full criminal proceeding and trial was held on this matter wherein MS. CRUZ and her friends (who accompanied her to the MODELL'S store on the date in question) gave testimony.

102.     After hearing and observing all of the evidence (or lack thereof) the jury acquitted MS. CRUZ on all three counts and the criminal action against MS. CRUZ (People v. Carmen Cruz, Docket No: 2004-CRI-213) was dismissed in total.

103.     As a result of Defendants' false accusations against MS. CRUZ and their willing and wrongful attempt to have MS. CRUZ convicted, MS. CRUZ was forced to incur substantial legal fees and other monetary damages.

104.     As a result of Defendants' false accusations against MS. CRUZ and their willing and wrongful attempt to have MS. CRUZ convicted, MS. CRUZ suffered severe emotional and psychological injuries, including but not limited to stress, anxiety, and depression caused by having to endure a year-long criminal proceeding against her.

105.     As a result of Defendants' false accusations against MS. CRUZ, Defendants' willing and wrongful attempt to have MS. CRUZ convicted, and Defendants' racially-motivated improper practices and statements, MS. CRUZ suffered severe emotional and psychological injuries, including but not limited to stress, anxiety, depression and was subjected to possible criminal punishment including more than 2 years incarceration.

106.     Defendants' false accusations against MS. CRUZ and their willing and wrongful attempt to have MS. CRUZ convicted, negatively affected Ms. CRUZ'S professional status and

16

caused substantial delays in MS. CRUZ'S attainment of her professional nursing assistant's license.

107.   Defendants' false accusations against MS. CRUZ and their willing and wrongful attempt to have MS. CRUZ convicted had a negative impact on MS. CRUZ'S reputation in the community and amongst her colleagues, co-workers and /friends.

## AS AND FOR A FIRST COUNT
### 42 U.S.C. §1981

108.   The Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in paragraphs 1 through 107 of this Complaint with the same force and effect as though fully set forth herein.

109.   On March 18, 2004, Plaintiff CARMEN CRUZ, sought to conduct business and enter into a contract with Defendants HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S SPORTING GOODS and its employee and representative.

110.   Plaintiff CARMEN CRUZ was clear about her intentions and made same known to Defendants in that she sought to enter into a contractual relationship with Defendants HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S SPORTING GOODS by shopping for and attempting to purchase sports apparel on that day at that time.

111.   Plaintiff CARMEN CRUZ was ready, willing, and able to enter into contract with Defendants HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S SPORTING GOODS and GREGORY KELLERMAN, but was forcibly prevented from doing so and denied equal access to entering into the contract and remaining at the store, because of the color of her skin, that being black, and her race, that being African descent. This treatment was done by Defendants HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S SPORTING

17

GOODS and GREGORY KELLERMAN.

112.     Each of the Defendants knew Plaintiff's race and color and each was aware or should have been aware of Plaintiff's intent to enter into a contract with  HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S SPORTING GOODS and GREGORY KELLERMAN, and be treated equally and provided equal opportunity as white patrons.

113.     As a consequence of Defendants' wrongful actions, willful neglect, callous indifference, negligent behavior and violation of state and federal laws, Plaintiff, CARMEN CRUZ, was deprived of the freedom to enter into a contract, engage in transactions and business on equal terms as white persons.  In addition, Plaintiff was seized and falsely imprisoned, deprived of her freedom, was subjected to search seizure, was subjected to mental anguish, suffered great fear, embarrassment, personal, humiliation, degradation and loss of business and employment opportunities.

114.     That by reason of the foregoing, Plaintiff CARMEN CRUZ has been damaged in the sum of two million ($2,000,000.00) dollars.

## AS AND FOR A SECOND COUNT
### Title II, 42 U.S.C. § 2000a

115.     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 114 of this complaint with the same force and effect as though fully set forth herein.

116.     On March 18, 2004, Plaintiff CARMEN CRUZ, sought accommodations to conduct business with Defendants HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S SPORTING GOODS and its employee/representative, GREGORY KELLERMAN,

18

at the MODELL'S store, located at 1440 Old Country Road, in Riverhead, NY.

117.    Plaintiff CARMEN CRUZ was clear about her intentions and made same known to Defendants in that she sought accommodations to conduct business with Defendants HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S SPORTING GOODS by shopping for and attempting to purchase sports apparel on that day at that time.

118.    Plaintiff CARMEN CRUZ was ready, willing, and able to conduct said business with Defendants  HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S SPORTING GOODS and GREGORY KELLERMAN, but was forcibly prevented from conducting business and denied equal access to public accommodations made available to white persons/customers that visit MODELL'S, because of the color of her skin, that being black, and her race, that being African descent.

119.    Defendants knew Plaintiff's race and color and each was aware or should have been aware of Plaintiff's intent to conduct business and seek basic accommodations from HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S SPORTING GOODS and GREGORY KELLERMAN, and be treated equally and provided equal opportunity as white patrons. However, Defendants denied MS. CRUZ full and equal enjoyment of its goods, services, facilities, privileges, advantages, and accommodations due to her race/color.

120.    As a consequence of Defendants' wrongful actions, willful neglect, callous indifference, negligent behavior and violation of state and federal laws, Plaintiff, CARMEN CRUZ, was prevented from receiving equal accommodations as provided to white persons and was prevented from engaging in transactions and business on equal terms as white persons. Instead, Plaintiff was seized and falsely imprisoned, deprived of her freedom, was subjected to

19

search seizure, was subjected to mental anguish, suffered great fear, embarrassment, personal, humiliation, degradation and loss of business opportunities. All of these rights are secured to Plaintiff under 42 U.S.C. § 2000a.

121.    That by reason of the foregoing, Plaintiff CARMEN CRUZ has been damaged in the sum of two million ($2,000,000.00) dollars.

## AND AS FOR A THIRD COUNT
## VIOLATIONS UNDER NEW YORK STATE
## CIVIL RIGHTS LAW § 40

122.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 121 of this complaint with the same force and effect as though fully set forth herein.

123.    Upon the filing of this action, a copy is being served on the Office of the Attorney General.

124.    On March 18, 2004, Plaintiff CARMEN CRUZ, sought accommodations to conduct business with Defendants HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S SPORTING GOODS and its employee/representative, GREGORY KELLERMAN, at the MODELL'S store, located at 1440 Old Country Road, in Riverhead, NY.

125.    Plaintiff CARMEN CRUZ was clear about her intentions and made same known to Defendants in that she sought accommodations to conduct business with Defendants HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S SPORTING GOODS by shopping for and attempting to purchase sports apparel on that day at that time.

126.    Plaintiff CARMEN CRUZ was ready, willing, and able to conduct said business with Defendants HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S

20

SPORTING GOODS and GREGORY KELLERMAN, but was forcibly prevented from conducting business and denied equal access to public accommodations made available to white persons/customers that visit MODELL'S, because of the color of her skin, that being black, and her race, that being African descent.

127.    Defendants knew Plaintiff's race and color and each was aware or should have been aware of Plaintiff's intent to conduct business and seek basic accommodations from HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S SPORTING GOODS and GREGORY KELLERMAN, and be treated equally and provided equal opportunity as white patrons.

128.    MS. CRUZ was denied full and equal accommodations, advantages, facilities and privileges as provided by Defendants to non African American persons.

129.    As a consequence of Defendants' wrongful actions, willful neglect, callous indifference, negligent behavior and violation of state and federal laws, Plaintiff, CARMEN CRUZ, was prevented from receiving equal accommodations as provided to white persons and was prevented from engaging in transactions and business on equal terms as white persons. Instead, Plaintiff was seized and falsely imprisoned, deprived of her freedom, was subjected to search seizure, was subjected to mental anguish, suffered great fear, embarrassment, personal, humiliation, degradation and loss of business opportunities.

130.    That by reason of the foregoing, Plaintiff CARMEN CRUZ has been damaged in the sum of two million ($2,000,000.00) dollars.

21

## AS AND FOR A FOURTH COUNT
## VIOLATIONS UNDER NEW YORK STATE EXECUTIVE LAW
### (HUMAN RIGHTS LAW § 296)

131.    The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 130 of this complaint with the same force and effect as though fully set forth herein.

132.    On March 18, 2004, Plaintiff CARMEN CRUZ, sought accommodations to conduct business with Defendants HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S SPORTING GOODS and its employee/representative, GREGORY KELLERMAN, at the MODELL'S store, located at 1440 Old Country Road, in Riverhead, NY.

133.    Plaintiff CARMEN CRUZ was clear about her intentions and made same known to Defendants in that she sought accommodations to conduct business with Defendants HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S SPORTING GOODS by shopping for and attempting to purchase sports apparel on that day at that time.

134.    Plaintiff CARMEN CRUZ was ready, willing, and able to conduct said business with Defendants HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S SPORTING GOODS and GREGORY KELLERMAN, but was forcibly prevented from conducting business and denied equal access to public accommodations made available to white persons/customers that visit MODELL'S, because of the color of her skin, that being black, and her race, that being African descent.

135.    Defendants knew Plaintiff's race and color and each was aware or should have been aware of Plaintiff's intent to conduct business and seek basic accommodations from HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S SPORTING GOODS and

22

GREGORY KELLERMAN, and be treated equally and provided equal opportunity as white patrons.

136.    As a consequence of Defendants' wrongful actions, willful neglect, callous indifference, negligent behavior and violation of state and federal laws, Plaintiff, CARMEN CRUZ, was prevented from receiving equal accommodations as provided to white persons and was prevented from engaging in transactions and business on equal terms as white persons. Instead, Plaintiff was seized and falsely imprisoned, deprived of her freedom, was subjected to search seizure, was subjected to mental anguish, suffered great fear, embarrassment, personal, humiliation, degradation, loss of business opportunities, legal fees/expenses and was forced to endure prosecution.

137.    That by reason of the foregoing, Plaintiff CARMEN CRUZ has been damaged in the sum of two million ($2,000,000.00) dollars.

## AS AND FOR A FIFTH COUNT
### NEGLIGENCE

138.    The Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 137 of this Complaint with the same force and effect as though fully set forth herein.

139.    Defendants and in particular HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S SPORTING GOODS and GREGORY KELLERMAN, carelessly, recklessly and negligently accused and wrongfully identified Plaintiff CARMEN CRUZ as a person who was engaged in some form of criminal activity and did cause the Police to make contact with Plaintiff's person as stated herein above, without Plaintiff's consent.

23

140.   Defendants were under a legal duty not to falsely charge, accuse or identify Plaintiff CARMEN CRUZ or any other patrons of crimes. Defendants were under a duty to use reasonable care to avoid such false claims. Defendants HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S SPORTING GOODS and GREGORY KELLERMAN breached their duty when, while they negligently, recklessly and carelessly accused, charged and caused the wrongful arrest, detention and criminal prosecution of Plaintiff without her permission and without any reasonable basis.

141.   In actively inflicting and failing to prevent the above stated abuses incurred by CARMEN CRUZ, the Defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount care.

142.   The breach of duty by HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S SPORTING GOODS and GREGORY KELLERMAN was a direct and proximate cause of the harms suffered by Plaintiff CARMEN CRUZ. Said harms include pain and suffering which continues to this day, personal humiliation, damage to reputation and loss of standing in the community, and severe emotional and psychological damage, resulting in the need to seek professional counseling for the trauma which she incurred.

143.   As a proximate result of the acts of Defendants, Plaintiff sustained serious injuries/damages. Plaintiff suffers from intense anxiety and distress, mental anguish, pain and suffering, humiliation, personal discomfort, and legal fees/costs, among other things.

144.   By reason of the foregoing, Plaintiff CARMEN CRUZ has been damaged in the sum of two million ($2,000,000.00) dollars.

24

## AS AND FOR A SIXTH CAUSE OF ACTION
### DEFAMATION

145.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 144 of this Complaint with the same force and effect as though fully set forth herein.

146.   The Plaintiff was followed, stopped, detained, manhandled, handcuffed, accused of being a criminal, arrested by police officers and charged, in full view and presence of family, neighbors, friends, and acquaintances that are known to her in their community. Specifically, Defendants have stated that Plaintiff was involved in attempted petty larceny and criminal mischief, which is untrue, and was stated to harm the good name and reputation of Plaintiff, without regard for the truth of said statements or the impact on Plaintiff.

147.   Defendants falsely stated that MS. CRUZ "wrongfully took, obtained or withheld property from the owner thereof, in that [MS CRUZ] did attempt to remove a New York Jets football jersey valued at $49.99 by removing the "DYE STOP TAG", & concealed it upon [her] person and removed said property from the store without permission to do so and without paying for same."

148.   Defendants falsely stated that MS. CRUZ "intentionally damaged two New York Jets jerseys having a total value of $130.00 by prying off a "dye stop tag" ink security device, causing ink to be released damaging two New York Jets Jerseys."

149.   The actual statements and symbolic statements through wrongful conduct were made by Defendants, each of whom knew or should have known that the statements were false; to wit, that the Plaintiff was not a thief and/or criminal and was not to be treated like such in full public view.

150.   The Defendants made false statements of fact about the Plaintiff, by accusing and formally having the Plaintiff charged with attempted petit larceny and two separate counts of

25

criminal mischief (among other things). In addition, Defendants continued to make false statements (written and oral) regarding MS. CRUZ up to and during her criminal trial.

151.    All of the above allegations and statements of fact were false, and the Defendants knew or should have known of this falsity.

152.    As a result of the actual, symbolic and official statements made by the Defendants in their wrongful arrest, charging and prosecution, of Plaintiff, the Plaintiff has suffered great harm and damage to her reputation in her community and professional life, to wit, she was made to appear to be involved in criminal activity, with said damaging statements still being made by the Defendants to this day.

153.    Whereas, as a result of said defamation, the Plaintiff continues to suffer from humiliation, loss of standing in the community, loss of self-esteem and public esteem, public disgrace and severe/extreme emotional distress and loss of standing in the professional community.

154.    By reason of the foregoing, Plaintiffs have been damaged in the sum of 2 million ($2,000,000.00) dollars.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

155.    The Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs 1 through 154 of this Complaint with the same force and effect as though fully set forth herein.

156.    The Defendants, and each of them, acted outrageously for their above-stated roles in the wrongful stop, detainment, charging, failing to investigate, failure to adhere to law, rules and regulations known to them, failing to heed Plaintiffs protestations, manhandling, subjecting Plaintiff to false arrest, subjecting Plaintiff to prolonged captivity, intimidation and public humiliation.

26

157.    Defendants acted outrageously in willingly and knowingly making false statements about Plaintiff in order to ensure her demise and conviction and by purposefully destroying evidence needed for Plaintiff's defense.

158.    Said emotional harm was exacerbated by the persistence of Defendants, by maintaining the false claims and criminal charges against the Plaintiff although all proof and evidence indicated that Plaintiff was not involved in the alleged crimes. These facts were known by the Defendants, yet they detained and prosecuted Plaintiff with the intention of causing extreme further harm and duress to the Plaintiff.

159.    The Defendants knew that their conduct would cause severe and extreme emotional harm to the Plaintiff and injury to Plaintiff's good name and reputation.

160.    Said harm did in fact occur in this case, in that the Plaintiff suffers from anxiety, anger, loss of sleep, and other impingement of the emotional good health; to the extent that the Plaintiff will has had to seek support and counseling within the family and will seek professional psychological counseling.

161.    By reason of the foregoing, Plaintiffs have been damaged in the sum of one million ($1,000,000.00) dollars.

## AS AND FOR THE EIGHT CAUSE OF ACTION
### VICARIOUS LIABILITY

162.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 161 of this complaint with the same force and effect as though fully set forth herein.

163.    The Defendant, HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S SPORTING GOODS, had an affirmative duty to prevent and cease the false

27

imprisonment, defamation, false accusations, prosecution, negligent acts, reckless acts, intentional acts, of its member, employee, agent, and representative, Co-Defendant GREGORY KELLERMAN, who violated Plaintiff, CARMEN CRUZ, while performing within the scope of his duties.

164.     Defendant, HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S SPORTING GOODS had an affirmative duty to investigate, supervise and discipline its employee, and/or agent GREGORY KELLERMAN and prevent other wrongful acts that were committed against Plaintiff CARMEN CRUZ by GREGORY KELLERMAN while acting within the scope of his employment/duties.

165.     In actively causing and failing to prevent the above stated abuses of its employee, GREGORY KELLERMAN, the Defendant, HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S SPORTING GOODS , acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to refrain from or prevent the above stated acts against MS. CRUZ.

166.     In failing to reprimand Defendant GREGORY KELLERMAN for his above-stated abuses against CARMEN CRUZ the Defendant, HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S SPORTING GOODS: [1] acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to protect others such as Plaintiff to insure that said acts would not occur; and [2] ratified GREGORY KELLERMAN'S negligent, intentional, malicious, and reckless acts.

167.     The breach of duty by HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S SPORTING GOODS was a direct and proximate cause of the harm suffered by Plaintiff CARMEN CRUZ.  Said harm includes pain and suffering which continues to this day,

28

monetary expenses, lost wages, legal costs, personal humiliation, damage to reputation, severe emotional and psychological damage and damage to Plaintiff's career.

168.    For the above reasons, Defendant, HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S SPORTING GOODS, is therefore vicariously liable for all of the intentional, negligent, and reckless acts of GREGORY KELLERMAN.

169.    By reason of the foregoing, Plaintiff has been damaged in the sum of one Million Dollars ($1,000,000.00).

## AS AND FOR THE NINTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

170.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 169 of this complaint with the same force and effect as though fully set forth herein.

171.    The Defendant, HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S SPORTING GOODS, had a duty, but negligently failed to supervise and control its employee, agent, member and affiliate, GREGORY KELLERMAN, who while acting within the scope of his employment, acted extreme and outrageously for his above-stated roles in the wrongful imprisonment, false accusations, manhandling, intimidation, wrongful prosecution, defamation, harassment and public humiliation of the Plaintiff, CARMEN CRUZ,.

172.    Said emotional harm was exacerbated by the sustained and prolonged wrongful prosecution of CARMEN CRUZ, which was perpetuated by Defendants with the intention of causing extreme further harm and duress to the Plaintiff.

173.    The above mentioned negligent failures of HENRY MODELL & COMPANY, INC d/b/a and/or a.k.a MODELL'S SPORTING GOODS caused and/or resulted in the abusive and

29

wrongful conduct of its agent GREGORY KELLERMAN, against Plaintiff, which was extreme, outrageous, callous, malicious, and dangerous to the mental and emotional well-being and professional career of Plaintiff.

174. It was foreseeable to the Defendant, GREGORY KELLERMAN'S conduct would cause severe and extreme emotional harm to Plaintiff.

175. Said harm did in fact occur in this case, in that the Plaintiff was injured to the point where he still suffers from extreme and permanent episodes of anxiety, fear, anger, loss of sleep, and other impingements of her emotional well-being;

176. By reason of the foregoing, Plaintiff has been damaged in the sum of One Million Dollars ($1,000,000.00).

## AS AND FOR THE TENTH CAUSE OF ACTION
## FALSE IMPRISONMENT

177. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 175 of this complaint with the same force and effect as though fully set forth herein.

178. The Defendants lacked any legal or lawful basis to follow, harass, stop, search, seize, wrongfully arrest, and/or detain CARMEN CRUZ.

179. The Defendant trapped Plaintiff, followed, harassed, stopped, searched, seized, wrongfully arrested and/or detained CARMEN CRUZ without justifiable excuse, basis or cause.

180. Defendant GREGORY KELLERMAN wrongfully used physical force, threats, coercion and intimidation to restrain and confine Plaintiff inside of the store without permission, authority or privilege to do so at any time. Said actions were intentional and aimed at injuring and causing Plaintiff great discomfort, humiliation and pain.

30

181.    As a result of said confinement, Plaintiff suffered severe emotional and

psychological harm, anxiety, personal fear, and damages, all due to the callous indifference of said

Defendant.

182.    By reason of the foregoing, Plaintiff has been damaged in the sum of one Million

Dollars ($1,000,000.00).

**WHEREFORE,** plaintiff demands judgment against defendants:

a. On the First Cause of Action in the sum of Two Million dollars ($2,000,000.00);

b. On the Second Cause of Action in the sum of Two Million dollars ($2,000,000.00);

c. On the Third Cause of Action in the sum of Two Million dollars ($2,000,000.00);

d. On the Fourth Cause of Action in the sum of Two Million dollars ($2,000,000.00);

e. On the Fifth Cause of Action in the sum of Two Million dollars ($2,000,000.00);

f. On the Sixth Cause of Action in the sum of Two Million dollars ($2,000,000.00);

g. On the Seventh Cause of Action in the sum of One Million Dollars ($1,000,000);

h. On the Eight Cause of Action in the sum of One Million Dollars ($1,000,000);

i. On the Ninth Cause of Action in the sum of One Million Dollars ($1,000,000);

j. On the Tenth Cause of Action in the sum of One Million Dollars ($1,000,000);

k. Punitive damages based upon the callous acts of Defendants, which were willful, wanton, malicious and oppressive and were motivated solely by a desire to harm Plaintiff, without regard for Plaintiff's well being, and were based on a lack of concern and ill-will towards Plaintiff. Such acts therefore deserve an award of 4 Million Dollars ($4,000,000.00)

l. Declaratory Judgment that defendants wilfully violated plaintiffs' rights secured by federal and state law as alleged herein and a formal written apology for same;

m An order granting such other legal and equitable relief as the court deems just and proper; and

n. Award costs of this action including attorney's fees to the plaintiff.

## A JURY TRIAL IS HEREBY DEMANDED.

Dated: March 18, 2005
      Hempstead, New York

Respectfully Submitted,

BY:

*GREGORY CALLISTE, JR*
THE LAW OFFICES OF
GREGORY CALLISTE, JR.(GC 8140)
*Attorneys for Plaintiff*
50 Clinton Street, Suite 501
Hempstead, New York 11550
(516) 489-6959