UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
CARMEN CRUZ

                                                    **Docket No.: CV-05-1450**
                                                              **(ERK)(MO)**

                                    Plaintiff,

                    -against-


HENRY MODELL & COMPANY, INC d/b/a and/or
a.k.a MODELL'S SPORTING GOODS, and GREGORY
KELLERMAN (in his individual and official capacity)

                                    Defendants.
-----------------------------------------------------------------------X

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

PLEASE TAKE NOTICE that, pursuant to Rule 51 of the Federal Rules of Civil Procedure,

the plaintiff, by his attorneys respectfully propose the following as his Proposed Jury Instructions.

Plaintiff respectfully requests that the Court provide separate and distinct charges as to the ten (10)

causes of action, those being: 42 U.S.C. §2000-a; 42 U.S.C. §§1981; New York State Civil Rights

Law § 40;  and  New York Executive Law Section 296; Negligence; Defamation; Intentional

Infliction of Emotional Distress; Vicarious Liability; Negligent Infliction of Emotional Distress; and

False Imprisonment .  It is respectfully requested that during the course of this trial and at the end

of the proof in this case that counsel for the plaintiff be allowed to amend and/or supply additional

Requests to Charge.  These proposed charges, unless otherwise designated, are those found in the

Modern Federal Jury Instructions (FJI), commonly referred to as Judge Sand's Instructions, and

Pattern Jury Instructions (PJI).

Plaintiff respectfully advises the Court that Plaintiff was not able to provide charges for

Plaintiff's claims under Title II, 42 U.S.C § 2000a and New York State Civil Rights Law as

Plaintiff's set of Jury instructions are incomplete at this time. On this point plaintiff begs this Court's

indulgence.  Plaintiff respectfully reserves his rights to supplement these charges prior to the actual Charge being given.

## INSTRUCTION 71-1
## JUROR ATTENTIVENESS

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law.  You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified.  Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

## INSTRUCTION 71-2
## ROLE OF THE COURT

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state.

Regardless of any opinion that you may have as to what the law may be--or ought to be--it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

## AUTHORITY

**United States Supreme Court:** The Patapso Insurance Co. v. Southgate, 30 U.S. 604, 621, 8 L. Ed. 243 (1831).

**Second Circuit:** Franks v. United States Lines Co., 324 F. 2d 126 (2nd Cir. 1963).

**Third Circuit:** United States v. 564.54 Acres of Land, More or Less, 576 F.2d 983 (3rd Cir. 1978), rev'd on other grounds, 441 U.S. 506 (1979).

**Fifth Circuit:** Shelak v. White Motor Co., 636 F.2d 1155 (5th Cir. 1978); Shelak v. White Motor Co., 450 F.2d 1155 (5th Cir. 1978); Martin v. Travelers Idemnity Co., 450 F.2d 542 (5th Cir. 1971); Troutman v. Southern Railway Co., 441 F.2d 586 (5th Cir.), cert. denied, 404 U.S. 871 (1971).

**Sixth Circuit:** Nolan v. Greene, 383 F.2d 814 (6th Cir. 1967); Tyree v. New York City Central R.R., 382 F.2d 524 (6th Cir.), cert. denied, 389 U.S. 1014 (1967).

## INSTRUCTION 71-3
## ROLE OF THE JURY[1]

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

---

[1]**Adapted from the charges of Judge Weinfeld in** Mollica v. Compania Sud-America DeVaporea, Civ. 65-60 (S.D.N.Y.), and Grossman v. United Fruit Co., Civ. 45-3437 (S.D.N.Y. 1953).

3

In determining these issues, no one may invade your province or functions as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence.  What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence.   Nor is what I may have said--or what I may say in these instructions--about a fact issue evidence.  In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence.  But you may not consider any answer that I directed you to disregard or that I directed struck from the record.  Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the (plaintiff/defendant) has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses.  You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice to any party.

### INSTRUCTION 71-10
### SYMPATHY

Under your oath as jurors you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial, without regard to the consequences of your

decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict.  All parties to a civil lawsuit are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at the just verdict.

## AUTHORITY

**United States Supreme Court:** <u>In re Murchison</u>, 349 U.S. 133, 75 S. Ct. 623, 99 L. Ed. 942 (1955).

**Seventh Circuit:** <u>Joan W. v. City of Chicago</u>, 771 F.2d 1020 (7th Cir. 1985).

## INSTRUCTIONS 71-12
## PUBLICITY--PRELIMINARY STATEMENT

There may be some newspaper attention given to this case, or there may be some talk about it on the radio or television.  If there is that kind of media attention during the trial, you must insulate yourselves from all information about this case, except what come to you in this courtroom through the rules of evidence.  So, when you leave here and go to your home and pick up th paper, if you see something about the case, you must put the paper down right away.  Do not read the article.

I will also tell you to avoid listening to or watching any radio or television discussion of the case.

## AUTHORITY

**First Circuit:** <u>United States v. Porcaro</u>, 648 F.2d 753 (1st Cir. 1981).

**Fifth Circuit:** <u>United States v. Harrelson</u>, 754 F.2d 1153 (5th Cir. 1985).

**Seventh Circuit:** <u>United States v. Tropnell</u>, 638 F.2d 1016 (7th Cir. 1980).

**Ninth Circuit:** <u>Los Angeles Memorial Coliseum Comm'n v. National Football League</u>, 726

F.2d 1381 (9th Cir. 1984); United States v. Polizzi, 500 F.2d 856 (9th Cir. 1974), cert. denied, 419

U.S. 1120 (1975).

### INSTRUCTION 71-13
### PUBLICITY--REMINDER

Let me remind you once again to avoid reading about the case in the newspapers, watching

any news concerning the case on television or listening to any radio accounts of the case.  Please be

mindful of my admonition that you must limit the information you get about the case to what comes

to you in the courtroom through the rules of evidence.

### AUTHORITY

**Fifth Circuit:** United States v. Williams, 809 F.2d 1072 (5th Cir.), reh'g denied, 817 F.2d

1136 (1987); United States v. Herring, 568 F.2d 1099 (5th Cir. 1978).

**Ninth Circuit:** United States v. Polizzi, 500 F.2d 856 (9th Cir. 1974), cert. denied, 419 U.S.

1120 (1975).

### INSTRUCTION 73-1
### BURDEN OF PROOF--GENERAL[1]

This a civil case and as such the plaintiff has the burden of proving the material allegations

of their complaint (e.g., by a fair preponderance of the evidence).

If after considering all of the testimony you are satisfied that the plaintiff has carried his

burden on each essential point as to which they have the burden of proof, then you must find for the

plaintiff on their claims.  Is after such consideration you find the testimony of both parties to be in

balance or equally probable, then the plaintiff has failed to sustain his burden and you must find for

the defendants.

### INSTRUCTION 73-2

---

[1]Adapted from the charges of Judge Weinfeld in Neasbitt v. Isbrandtsen SS Co., Civ.
44-556 (S.D.N.Y.), and Hedger v. United Fruit, Civ. 44-101 (S.D.N.Y.).

## BURDEN OF PROOF--PREPONDERANCE OF THE EVIDENCE[1]

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence.  If you conclude that the party bearing the burden of proof has failed to establish their claim by a preponderance of the evidence, you must decide against them on the issue you are considering.

What does a "preponderance of evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties-- that it is equally probable that one side is right as it is that the other side is right--then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence - he must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof - that what the party claims is more likely true than not true - then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial.  That requirement does not apply to a civil case such as this and

---

[1]Adapted from the charge of the Hon. Abraham Sofaer in <u>Sharon v. Time, Inc.</u>, 83 Civ. 4660 (S.D.N.Y. 1985).

you should put it out of your mind.

## AUTHORITY

**Second Circuit:** Larson v. JoAnn Cab Corp., 209 F.2d 929 (2d Cir. 1954).

**Third Circuit:** Porter v. American Export Lines, Inc., 387 F.2d 409 (3d Cir. 1968); Virgin Islands Labor Union v. Carivbe Construction Co., 343 F.2d 364 (3d Cir. 1965); Burch v. Reading Co., 240 F.2d 574 (3d Cir.), cert. denied, 353 U.S. 965 (1957).

**Fifth Circuit:** Gardner v. Wilkinson, 643 F.2d 1135 (5th Cir. 1981).

**Sixth Circuit:** Disner v. Westinghouse Electric Corp., 726 F.2d 1106 (6th Cir. 1984); Toledo, St. L. & W..R. Co. v. Kountz, 168 F.382 (6th Cir. 1909).

## INSTRUCTION 74-1
### WHAT IS and IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness him/herself indicated he/she had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose--such

as for the purpose of assessing a witness' credibility--you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

## **AUTHORITY**

**Second Circuit:** United States v. Aluminum Co. of America, 1 F.R.D. 62 (S.D.N.Y. 1939).

**Third Circuit:** Sims v. Greene, 161 F.2d 87 (3rd Cir. 1947).

**Fifth Circuit:** Rodriguez v. Olin Corp., 780 F.2d 491, 496 (5th Cir. 1986); United States v. State of Texas, 523 F. Supp. 703 (E.D. Tex. 1981); Fifth Circuit Pattern Instructions Nos. 3a, 3b.

**Eighth Circuit:** Haines v. Powermatic Houdaille, Inc., 661 F.2d 94 (8th Cir. 1981).

**Ninth Circuit:** Ninth Circuit Pattern Instruction No. 12.04.

**Tenth Circuit:** Rasmussen Drilling, Inc., v. Kerr-McGee Nuclear Corporation, 571 F.2d 1144 (10th Cir.), cert. denied, 439 U.S. 862 (1978).

**INSTRUCTION 74-2**
**DIRECT and CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses - something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on (e.g., a preponderance of) all the evidence presented.

**AUTHORITY**

**United States Supreme Court:** Michalic v. Cleveland Tanker, Inc., 364 U.S. 325, 330, 81 S. Ct. 6, 5 L. Ed. 2d 20 (1960).

**Fourth Circuit:** <u>United Textile Workers of America, AFLCIO, Local Union No. 120 v. Newberry Mills, Inc.</u>, 238 F. Supp 366 (W.D.S.C. 1965).

**Eighth Circuit:** <u>Ellis Fischel State Cancer Hospital v. Marshall</u>, 629 F.2d 563 (8th Cir. 1980).

**Eleventh Circuit:** <u>Daniels v. Twin Oaks Nursing Home</u>, 692 F.2d 1321 (11th Cir. 1982).

### INSTRUCTIONS 74-3
### JUDICIAL NOTICE

I have taken judicial notice of certain facts which are not subject to reasonable dispute.  I have accepted these facts to be true, even though no direct evidence has been introduced proving them to be true.  You are required to accept these facts as true in reaching you verdict.

### INSTRUCTIONS 74-4
### STIPULATION of FACTS

A stipulation of facts is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true.

### AUTHORITY

**Sixth Circuit:** <u>Brown v. Tennessee Gas Pipeline Co.</u>, 623 F.2d 450, 454 (6th Cir. 1980).

**Ninth Circuit:** <u>Verzosa v. Merrill Lynch, Pierce, Fenner & Smith</u>, 589 F.2d 974, 977 (9th Cir. 1978).

### INSTRUCTION 74-13
### INTERROGATORIES

You have heard and seen evidence in this case which is in the form of interrogatories.

Interrogatories are written questions posed by one side which call for written answers under oath from the other side.  Both the questions and answers are made prior to trial after the case has begun in what is called pretrial discovery, and each side is entitled to seek such discovery from the other.

You may consider a party's answers to interrogatories as evidence against a party who made

11

the answer, just as you would any other evidence which has been admitted in this case.

In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence. It is up to you to determine what weight, if any should be given to the interrogatory answers which have been admitted as evidence.

(If applicable: One cautionary word on this subject: while you may consider the interrogatory answers as evidence against the party who gave the answers, you may not consider the answers against any other party, nor may you consider the answers as evidence against the party who posed the interrogatory questions. You may only consider the interrogatory answer as evidence against the party who gave the answer.)

## **AUTHORITY**

**District of Columbia Circuit:** Stottlemire v. Cawood, 213 F. Supp. 897 (D.D.C. 1963).

**First Circuit:** Ware v. Garvey, 139 F. Supp. 71 (D. Mass. 1956).

**Second Circuit:** Rosenthal v. Poland, 337 F. Supp. 1161, 1170 (S.D.N.Y. 1972).

**Third Circuit:** Zenith Radio Corp. v. Matsushita Electric Industrial Co., 505 F. Supp. 1190 (E.D. Pa 1980).

**Fourth Circuit:** Marcoin, Inc. v. Edwin K. Williams & Co., Inc., 605 F.2d 1325, 1328 (4th Cir. 1979); Coca-Cola Co. v. Dixi-Cola Laboratories, 30 F. Supp. 275, 279 (D. Md. 1939).

**Sixth Circuit:** Freed v. Erie Lackawanna Railway Company, 445 F.2d 619, 621 (6th Cir. 1971), cert. denied, 404 U.S. 1017 (1972); Gridon Steele Co. v. Jones v. Laughlin Steel Corp., 361 F.2d 791, 794 (6th Cir. 1966).

**Ninth Circuit:** Donovan v. Crisostomo, 682 F.2d 869, 875 (9th Cir. 1982); Victory Carriers, Inc. v. Stockton Stevedoring Co., 388 F.2d 955, 959 (9th Cir. 1968).

**Tenth Circuit:** Helig v. Studebaker Corporation, 347 F.2d 686, 689 (10th Cir. 1965).

**INSTRUCTION 74-14**
**DEPOSITIONS**

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where th attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

**INSTRUCTION 75-1**
**INFERENCE DEFINED**

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw-- but not required to draw--from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

## AUTHORITY

**United States Supreme Court:** <u>Schultz v. Pennsylvania R. Co.</u>, 350 U.S. 372, 76 S. Ct. 608, 100 L. Ed. 668 (1956); <u>Lavender v. Kurn</u>, 327 U.S. 645, 66 S. Ct. 740, 90 L. Ed. 926 (1946).

**Second Circuit:** <u>Wilkins v. American Export Isbrandtsen Lines, Inc.</u>, 446 F.2d 480 (2d Cir.), cert. denied, 404 U.S. 1018 (1971).

**Third Circuit:** <u>EEOC v. Greyhounds Lines</u>, 635 F.2d 188 (3d Cir. 1980).

**Seventh Circuit:** <u>United States v. An Article of Device</u>, 731 F.2d 1253 (7th Cir. 1984), cert. denied, 105 S. Ct. 249 (1984).

**Eleventh Circuit:** <u>Daniels v. Twin Oakes Nursing Home</u>, 692 F.2d 1321 (11th Cir. 1982).

## INSTRUCTION 75-2
### EFFECT on INFERENCE on BURDEN of PROOF--INFERENCE AGAINST DEFENDANT DOES NOT SHIFT BURDEN of PROOF[1]

The mere existence of an inference against the defendants does not relieve the plaintiff of the burden of establishing his case by a preponderance of the evidence.  If the plaintiff is to obtain a verdict, you must still believe from the evidence, that he has sustained the burden cast upon him. If he has failed, then your verdict must be for the defendants.  If you should find that all of the evidence is evenly balanced, then the plaintiff has failed to sustain the burden of proof and your verdict should be for the defendants.

If and only if you determine, after carefully weighing all the evidence, that the facts favor the plaintiff by the standard I have articulated, then he has met the burden of proof.

## AUTHORITY

**Second Circuit:** <u>Robins Dry Dock & Repair Co. v. Navigazone Libera Triestina</u>, 32 F.2d 209

---

[1]**Adapted from the charge of Judge Weinfeld in** <u>Neasbitt v. Isbrandtsen SS Co.</u> (S.D.N.Y.).

(2d Cir. 1929).

**Third Circuit:** <u>United States v. Cherasky Meat Company</u>, 259 F.2d 89 (3d Cir. 1958); <u>Eckenrode v. Pennsylvania R. Co.</u>, 164 F.2d 996 (3d Cir. 1947).

**Fifth Circuit:** <u>Golden v. Kentile Floors, Inc.</u>, 512 F.2d 838 (5th Cir. 1975); <u>United States v. Roberson</u>, 233 F.2d 517 (5th Cir. 1956).

**Seventh Circuit:** <u>The A.L.B. Theatre Corporation v. Loew's Incorporated</u>, 355 F.2d 495 (7th Cir. 1966).

<u>**INSTRUCTION 75-8**</u>
**PRESUMPTIONS--REBUTTABLE PRESUMPTION DEFINED**

You have heard arguments by counsel which call on you to make certain presumptions.

What is a presumption?  A presumption requires you to find one fact from the existence of another fact. (If applicable: In this case, for example, the law presumes that if one party has proved to your satisfaction that a letter was placed in an envelope which was properly addressed, stamped, sealed and deposited in the mails that the letter was actually delivered to the person to whom it was addressed.)

Before you may find the presumed fact to exist, you must, therefore, determine whether the underlying or basic fact (e.g., the mailing) has been proved.  Only if you find the basic fact to exist will the presumption operate to require you to find that the presumed fact (e.g., the delivery) also was proved.

One word of caution.  The mere existence of a presumption never shifts the burden of proof. In this case, even if you find the basic fact that compels you to find the presumed fact, the burden of proof still remains on the plaintiff to prove all the elements of his claims.  The presumptive fact, therefore would only be a circumstance to be considered along with all of the other circumstances in this case in deciding the issue of liability.

## AUTHORITY

**United States Supreme Court:** Ulster County Court v. Allen, 442 U.S.140, 99 S. Ct. 2213, 60 L. Ed. 2d 777 (1979).

### INSTRUCTION 76-1
### WITNESS CREDIBILITY

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.  (If applicable: It must also be obvious to you that both sides cannot be true and this where you play your role as jurors.)  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies?  You watched the witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witnesses impress you?  Did they appear to be frank, forthright and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was his demeanor--that is, his carriage, behavior, bearing, manner and appearance while testifying?  Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the

reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case.  Always remember that you should use your common sense, your good judgment and your own life experience.

## **AUTHORITY**

**United States Supreme Court:** <u>Sartor v. Arkansas Natural Gas Corp.</u>, 321 U.S. 620, 64 S. Ct. 724, 88 L. Ed. 967 (1944).

**District of Columbia Circuit:** <u>United States v. American Telephone and Telegraph</u>, 83 F.R.D. 323 (D.D.C. 1979).

**Second Circuit:** <u>Dyer v. MacDougall</u>, 201 F.2d 265 (2d Cir. 1952); <u>Arnstein v. Porter</u>, 154 F.2d 464 (2d Cir. 1946).

## **INSTRUCTIONS 76-2**
## **BIAS**[1]

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have toward one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony.  In short, if you find that a witness is biased, you should view his testimony with

---

[1]Adapted from the charge of Judge Weinfeld in <u>Powell v. Sealectro</u> (S.D.N.Y. 1964).

caution, weigh it with care and subject it to close and searching scrutiny.

## AUTHORITY

**United States Supreme Court:** <u>Davis v. Alaska</u>, 415 U.S. 308, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974).

**Second Circuit:** <u>Duke Laboratories, Inc. v. United States</u>, 222 F. Supp. 400 (D. Conn. 1963).

### INSTRUCTION 76-3
### INTEREST in OUTCOME[1]

In evaluating the credibility of the witness, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interest. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness' interest has affected his testimony.

## AUTHORITY

**United States Supreme Court:** <u>Davis v. Alaska</u>, 415 U.S. 308, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974).

---

[1]Adapted from the charge of Judge Weinfeld in Powell v. Sealectro (S.D.N.Y. 1964).

**Second Circuit:** Duke Laboratories, Inc. v. United States, 222 F. Supp. 400 (D. Conn. 1963).

## POLICE  OFFICERS  AND  CIVILIAN  WITNESSES

You have heard the testimony of witnesses who are civilians and the testimony of witnesses who are police officers.  In evaluating this testimony, you are to apply the same standards of evaluation to each witness. You shall not give any greater or lesser weight to the testimony of a witness solely because of his occupation as a police officer.

### INSTRUCTION 76-4
### DISCREPANCIES in TESTIMONY[1]

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony.  On the other hand, discrepancies in a witness' testimony or between his testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict him/herself.  It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony.  You should, as always, use common sense and your own good judgment.

---

[1]Adapted from the charge of Judge Weinfeld in Mollica v. Compania Sud-Americana De Vapores (S.D.N.Y.).

## **AUTHORITY**

**United States Supreme Court:** <u>Quock Ting v. United States</u>, 140 U.S. 417, 11 S. Ct. 851, 35 L. Ed. 501 (1891).

## **INSTRUCTION 76-5**
## **IMPEACHMENT by PRIOR INCONSISTENT STATEMENTS**[1]

You have heard evidence that at some earlier time the witness has said or done something which counsel argues is inconsistent with the witness' testimony.

Evidence of a prior inconsistent statement id not to be considered by you as affirmative evidence in determining liability.  Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted him/herself.  If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

## **AUTHORITY**

---

[1]See Fed. R. Evid. 801.

**District of Columbia Circuit:** <u>United States v. American Telephone and Telegraph Co.</u>, 83 F.R.D. 323 (D.D.C. 1979).

**Fifth Circuit:** Pattern Instruction No. 5A.

**Seventh Circuit:** <u>Saladino v. Winkler</u>, 609 F.2d 1211 (7th Cir. 1979).

**Ninth Circuit:** Pattern Jury Instruction No. 12.06

**INSTRUCTION 78-1**
**RIGHT to SEE EXHIBITS and HEAR TESTIMONY;**
**COMMUNICATIONS WITH COURT**

You are about to go into the jury room and begin your deliberations.  If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room.  If you want any of the testimony read, you may also request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony--in fact any communication with the court--should be made to me in writing, signed by your foreperson, and given to one of the marshals.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

**INSTRUCTION 78-3**
**DUTY TO DELIBERATE/UNANIMOUS VERDICT**[1]

You will now return to decide the case.  In order to prevail, the plaintiff (or defendant) must

---

[1]Adapted from the charge of Judge weinfeld in <u>Mollica v. Compania Sud-American De Vapores</u>, Civ. 64-60 (S.D.N.Y.).

sustain his burden of proof as I have explained to you with respect to each element of his complaint (or counterclaim).  If you find that the plaintiff has succeeded, you should return a verdict in his favor on that claim.  If you find that the plaintiff failed to sustain his burden on any element of her claim, you should return a verdict against her.  (Similarly, if you find that the defendant has failed to sustain his burden with respect to any element of his counterclaim, you must return a verdict against the defendant on that counterclaim.)

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for him/herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his conscientious beliefs solely for the purpose of returning a unanimous verdict.

## AUTHORITY

**United States Supreme Court:** American Publishing Co. v. Fisher, 166 U.S. 464, 17 S. Ct. 618, 41 L. Ed. 1979 (1896).

**Second Circuit:** Grace Lines, Inc. v. Motley, 439 F.2d 1028 (2d Cir. 1971).

**Tenth Circuit:** <u>Bledsoe v. Garcia</u>, 742 F.2d 1237 (10th Cir. 1984).

## INSTRUCTION 78-4
## DEADLOCK CHARGE: REACHING AGREEMENT

This case is important for the plaintiff and for the defendants. Both parties, as well as the court, have expended a great deal of time, effort and resources in seeking a resolution of this dispute.

It is desirable if a verdict can be reached, but your verdict must represent the conscientious judgment of each juror.

While you may have honest differences of opinion with your fellow jurors during the deliberations, each of you should seriously consider the arguments and opinions of the other jurors. Do not hesitate to change your opinion if, after discussion of the issues and consideration of the facts and evidence in this case, you are persuaded that you initial position is incorrect. However, I emphasize that no juror should vote for a verdict unless it represents his conscientious judgment.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of you deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

You are not partisans. You are judges--judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case.

## AUTHORITY

**United States Supreme Court:** <u>Allen v. United States</u>, 164 U.S. 492, 17 S. Ct. 154, 41 L.

Ed. 528 (1896).

**Fourth Circuit:** <u>United States v. Boone</u>, 759 F.2d 345 (4th Cir. 1985); <u>United States v. Sawyers</u>, 423 F.2d 1335 (4th Cir. 1970).

**Seventh Circuit:** <u>United States v. Silvern</u>, 484 F.2d 879 (7th Cir. 1973) (en banc).

**District of Columbia Circuit:** <u>United States v. Thomas</u>, 449 F.2d 1177 (D.C. Cir. 1971).

### INSTRUCTION 78-6
### RETURN OF VERDICT

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that you should be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot be revoked.

### INSTRUCTION 78-9
### SPECIAL VERDICT

I have prepared a special verdict form for you to use in recording your decision.  The special verdict form is made up of questions concerning the important issues in this case.  These questions are to be answered "yes" or "no."  Your answers must be (be unanimous and must) reflect the conscientious judgment of each juror.  You should answer every question (except where the verdict form indicates otherwise).

### PLAINTIFF'S CLAIMS

### 42 U.S.C § 1981

### Instruction 87-1 The Statute

24

The claim before you now is based upon 42 U.S.C. § 1981 , which is also known as the Civil Rights Act of 1866 . That statute provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

## Instruction 87-2 Purpose of the Statute

The purpose of section 1981 is to secure freedom to all persons and to protect individuals in the full enjoyment of the rights of person and property by prohibiting all racially motivated discrimination. This statute applies to racial discrimination, both public and private, as well as to discrimination against aliens.

<u>Authority</u>

United States Supreme Court: Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 95 S. Ct. 1716, 44 L. Ed. 2d 295 (1975) ; Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S. Ct. 2186, 20 L. Ed. 2d 1189 (1968) .

First Circuit: Alexis v. McDonald's Restaurants, 67 F.3d 341 (1st Cir. 1995) .

Fourth Circuit: Duane v. Geico, 37 F.3d 1036 (4th Cir. 1994).

## Instruction 87-2A Prima Facie Case

To establish a prima facie case of discrimination under § 1981, the plaintiff must convince you by a preponderance of the evidence that:
1. the plaintiff is a member of a protected class;

2. the defendant had the intent to discriminate on the basis of race; and

3. the discrimination interfered with a protected activity as defined in § 1981.

Authority

Fourth Circuit: Williams v. Staples, Inc., 372 F.3d 662 (4th Cir. 2004).

Fifth Circuit: Bellows v. Amoco Oil Co., 118 F.3d 268 (5th Cir. 1997).

Seventh Circuit: Morris v. Office Max, Inc., 89 F.3d 411 (7th Cir. 1996).

Tenth Circuit: Hampton v. Dillard Dep't Stores, Inc., 247 F.3d 1091 (10th Cir. 2001), cert. denied, 534 U.S. 1131 (2002); Reynolds v. School Dist. No. 1, Denver, Colo., 69 F.3d 1523 (10th Cir. 1995).


**Instruction 87-3 The Right To Contract**


Section 1981 guarantees each person, regardless of race or citizenship, freedom from discrimination in the making and enforcing of contracts. The opportunity to contract, or enter into agreements, is denied in violation of section 1981 when, on the basis of race or citizenship, a defendant refuses to contract at all or when, on the basis of race or citizenship, he varies the terms of her offers or acceptances to contract. If, because of her race, the plaintiff is denied the right to contract entirely, or is given less opportunity to contract, or is offered less favorable contractual terms or unequal treatment so as to discourage him from entering the contract, he has a claim under section 1981 .


Danco, Inc. v. Wal-Mart Stores, Inc., 178 F.3d 8 (1st Cir. 1999) .

Second Circuit: Lauture v. IBM, 216 F.3d 258 (2d Cir. 2000) .

Authority

United States Supreme Court: Runyon v. McCrary, 427 U.S. 160, 96 S. Ct. 2586, 49 L. Ed. 2d 415 (1976) ; Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 95 S. Ct. 1716, 44 L. Ed. 2d 295 (1975) .

First Circuit
Fourth Circuit: Williams v. Staples, Inc., 372 F.3d 662 (4th Cir. 2004).

Seventh Circuit: Kyles v. J.K. Guardian Security Servs., Inc., 222 F.3d 289 (7th Cir. 2000) ; Bagley v. Ameritech Corp., 220 F.3d 518 (7th Cir. 2000) .

Ninth Circuit: Bains LLC v. Arco Prods. Co., 405 F.3d 764 (9th Cir. 2005) ; Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053 (9th Cir. 2004).

Tenth Circuit: Hampton v. Dillard Dep't Stores, Inc., 247 F.3d 1091 (10th Cir. 2001), cert. denied, 534 U.S. 1131 (2002); Tyler v. RE/MAX Mountain States, Inc., 232 F.3d 808 (10th Cir. 2000) .

**Instruction 87-4 The Right To Sue and Give Evidence**

Section 1981 guarantees the right to sue and give evidence, and thereby seeks to afford all persons, regardless of race or citizenship, equal access to the judicial system of the United States. This guarantee applies to both public and private reprisals against the plaintiff, and seeks to eliminate racial discrimination by ensuring the plaintiff's right to sue those who discriminate against him free from punishment for bringing the suit.

Authority

United States Supreme Court: Patterson v. McLean Credit Union, 491 U.S. 164, 109 S. Ct. 2363, 105 L. Ed. 2d 132 (1989) .

Second Circuit: Choudhury v. Polytechnic Institute of New York, 735 F.2d 38 (2d Cir. 1984) .

Third Circuit: Commonwealth of Pennsylvania v. Local Union 542, Int'l Union of Operating Engineers, 347 F. Supp. 268 (E.D. Pa. 1972) .

Fifth Circuit: Irby v. Sullivan, 737 F.2d 1418 (5th Cir. 1984) ; Goff v. Continental Oil Co., 678 F.2d 593 (5th Cir. 1982) .

Seventh Circuit: Martinez v. Fox Valley Bus Lines, 17 F. Supp. 576 (N.D. Ill. 1936) (illegal alien has right to bring tort suit under section 1981 's evidence clause and equal benefit clause).

Eighth Circuit: Setser v. Novack Investment Co., 638 F.2d 1137 (8th Cir. 1981), cert. denied, 454 U.S. 1064 (1981) .

Ninth Circuit: London v. Coopers & Lybrand, 644 F.2d 811 (9th Cir. 1981) .

**Instruction 87-5 The Right to Full and Equal Benefit of the Laws and Like Punishment Under Them**

Section 1981 guarantees each person, regardless of race or citizenship, the full and equal benefit of all of our laws and provides that each person shall be subject to like punishment and execution under them. This guarantee applies to both public and private attempts to deprive a person of these rights because of her race or citizenship.

Authority

United States Supreme Court: Saint Francis College v. Al-Khazraji, 481 U.S. 604, 107 S. Ct. 2022, 95 L. Ed. 2d 582 (1987) ; Runyon v. McCrary, 427 U.S. 160, 96 S. Ct. 2586, 49 L. Ed. 2d 415 (1976) .

Second Circuit: Phillip v. University of Rochester, 316 F.3d 291 (2d Cir. 2003).

Tenth Circuit: Delaunay v. Collins, 97 Fed. Appx. 229, 2004 U.S. App. LEXIS 4032 (10th Cir. 2004).

**Instruction 87-6 Defining Racial Discrimination**

Section 1981 is directed only at racial discrimination. You must determine whether the discrimination, if any, involved in this case was racial discrimination. It is not necessary, in order to determine that the discrimination was based on race, for you to find that the class being discriminated against constitutes a discrete "race," as that term is commonly understood today. If the plaintiff was subjected to intentional discrimination solely because of her ancestry or ethnic characteristics, then you should find that the alleged discrimination was based on race. If, however, you believe that the alleged discrimination was not based on race alone, but rather on sex, religion or country of birth, then you must find for the defendant.

Authority

United States Supreme Court: Shaare Tefila Congregation v. Cobb, 481 U.S. 615, 107 S. Ct. 2019, 93 L. Ed. 2d 697 (1987) ; Saint Francis College v. Al-Khazraji, 481 U.S. 604, 107 S. Ct. 2022, 95 L. Ed. 2d 582 (1987) ; Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S. Ct. 2186, 20 L. Ed. 2d 1189 (1968) ; Georgia v. Rachel, 384 U.S. 780, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966) .

Ninth Circuit: El-Hakem v. BJY, Inc., 2005 U.S. App. LEXIS 14805 (9th Cir. July 21, 2005) .

**Instruction 87-7 Black Plaintiffs**

Section 1981 guarantees that "all persons within the jurisdiction of the United States" shall enjoy certain denominated rights to the extent they are enjoyed by white citizens of this country. The phrase "all persons" applies to African-American persons bringing a section 1981 claim based on racial discrimination.

Authority

United States Supreme Court: General Guilding Contractors Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 102 S. Ct. 3141, 73 L. Ed. 2d 835 (1982) ; Runyon v. McCrary, 427 U.S. 160, 96 S. Ct. 2586, 49 L. Ed. 2d 415 (1976) ; Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 95 S. Ct. 1716, 44 L. Ed. 2d 295 (1975) ; Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S. Ct. 2186, 20 L. Ed. 2d 1189 (1968) .

3. Intent
**Instruction 87-11 General Instruction**

To establish her case under section 1981 , the plaintiff must convince you by a preponderance of the evidence that the defendant was motivated by a racially discriminatory purpose--that is, the plaintiff must prove that the defendant intentionally and purposefully discriminated against him because of race.

In determining whether the defendant intentionally discriminated on the basis of race, you may consider all the evidence presented in the case. The plaintiff may use either direct or indirect evidence to meet ther burden. In a moment, I will explain what I mean by direct evidence and indirect evidence. For now, you should understand only that the plaintiff may use either or both in attempting to prove that the defendant intended to discriminate against him.

You should also understand that the plaintiff must prove that the defendant actually was motivated by a racially discriminatory purpose. It is not enough for the plaintiff to show, for example, that the defendant's conduct had a negative impact on members of the plaintiff's race or that a policy of the defendant, neutral on its face, had a disproportionate negative effect on members of her race. When taken together with other evidence, such evidence may prove that the defendant was motivated by a racially discriminatory purpose. You must remember, however, that the mere existence of such disparities does not automatically demonstrate a discriminatory intent.

Authority

United States Supreme Court: United States Postal Service Bd. of Governors v. Aikens, 460 U.S. 711, 103 S. Ct. 1478, 75 L. Ed. 2d 403 (1983) ; General Building Contractors Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 102 S. Ct. 3141, 73 L. Ed. 2d 835 (1982) .

District of Columbia Circuit: Coward v. ADT Security Sys., Inc., 140 F.3d 271 (D.C. Cir. 1998) ; Carter v. Duncan-Huggins, Ltd., 727 F.2d 1225 (D.C. Cir. 1984) .

First Circuit: Oliver v. Digital Equipment Corp., 846 F.2d 103, 111 (1st Cir. 1988) .

Second Circuit: Choudbury v. Polytechnic Institute of New York, 735 F.2d 38 (2d Cir. 1984) .

Third Circuit: Croker v. Boeing Co., 662 F.2d 975 (3d Cir. 1981) .

Fifth Circuit: National Association of Government Employees v. City Public Service Board, 40 F.3d 698 (5th Cir. 1994) ; Irby v. Sullivan, 737 F.2d 1418, 1424 n.7 (5th Cir. 1984) .

Sixth Circuit: Erebia v. Chrysler Plastic Products Corp., 772 F.2d 1250 (6th Cir. 1985) .

Seventh Circuit: Hunt v. City of Markham, 219 F.3d 649 (7th Cir. 2000) ; Minority Police Officers

Ass'n v. City of South Bend, 801 F.2d 964 (7th Cir. 1986) ; Yarbrough v. Tower Oldsmobile, Inc., 789 F.2d 508 (7th Cir. 1986) .

Eighth Circuit: Washington v. Simpson, 806 F.2d 192 (8th Cir. 1986) ; Netterville v. Missouri, 800 F.2d 798 (8th Cir. 1986) ; McIntosh v. Arkansas Republican Party--Frank White Election Committee, 766 F.2d 337 (8th Cir. 1985) ; Smith v. Honeywell, 735 F.2d 1067, 1070 (8th Cir. 1984) ; Taylor v. City of St. Louis, 702 F.2d 695, 697 (8th Cir. 1983) .

Ninth Circuit: El-Hakem v. BJY, Inc., 2005 U.S. App. LEXIS 14805 (9th Cir. July 21, 2005) ; Sengupta v. Morrison-Knudsen Co., 804 F.2d 1072 (9th Cir. 1986) ; Stones v. Los Angeles Community College District, 796 F.2d 270 (9th Cir. 1986) .

Tenth Circuit: Hampton v. Dillard Dep't Stores, Inc., 247 F.3d 1091 (10th Cir. 2001), cert. denied, 534 U.S. 1131 (2002); Tyler v. RE/MAX Mountain States, Inc., 232 F.3d 808 (10th Cir. 2000) .

Eleventh Circuit: Freeman v. Motor Convoy, Inc., 700 F.2d 1339, 1350 (11th Cir. 1983) .

## Instruction 87-12 Direct Evidence of Intent

The plaintiff may prove that the defendant was motivated by a racially discriminatory purpose by presenting direct evidence to that effect. Direct evidence is evidence which, by its very nature, speaks to the issue sought to be proved. An example of direct evidence would be a statement by the defendant that he intended to discriminate against the plaintiff or the racial group to which he belongs. The plaintiff is not required to prove her case by direct evidence, but he may do so. You should consider ther direct evidence along with all of the evidence in the case and determine whether it convinces you, by a preponderance of the evidence, that the defendant was motivated by a racially discriminatory purpose.

Authority

United States Supreme Court: United States Postal Service Bd. of Governors v. Aikens, 460 U.S. 711, 103 S. Ct. 1478, 75 L. Ed. 2d 403 (1983) ; Int'l Brotherhood of Teamsters v. United States, 431 U.S. 324, 97 S. Ct. 1843, 52 L. Ed. 2d 396 (1977) .

District of Columbia Circuit: Carter v. Duncan-Huggins, Ltd., 727 F.2d 1225, 1233 (D.C. Cir. 1984)

Fifth Circuit: Guillory v. St. Landry Parish Police Jury, 802 F.2d 822 (5th Cir. 1986), cert. denied, 482 U.S. 916 (1987) ; Page v. United States Indus., 726 F.2d 1038 (5th Cir. 1984) .

Sixth Circuit: Jackson v. RKO Bottlers of Toledo, 743 F.2d 370, 378 (6th Cir. 1984) ; Detroit Police Officers Ass'n v. Young, 608 F.2d 671 (6th Cir. 1979) .

Seventh Circuit: Hunt v. City of Markham, 219 F.3d 649 (7th Cir. 2000) .

Eleventh Circuit: Walters v. City of Atlanta, 803 F.2d 1135 (11th Cir. 1986) .

## Instruction 87-13 Indirect Evidence of Intent

The plaintiff may prove that the defendant was motivated by a racially discriminatory purpose by presenting what is called indirect evidence to that effect. Indirect evidence is evidence (historical, statistical, comparative, or individual) which, though it does not speak directly to the issue sought to be proved, provides the basis for an inference with regard to that issue. An example of indirect evidence would be evidence that an apparently neutral policy consistently and strongly works to the disadvantage of the group to which the plaintiff belongs. The plaintiff may use such evidence in attempting to prove to you that the defendant was motivated by a racially discriminatory purpose, and, if you believe the evidence establishes that fact, you may use it as the basis of your finding of intent.

As you consider this evidence, remember that the plaintiff must prove more than the occurrence of isolated or accidental acts; he must establish by a preponderance of the evidence that the defendant intentionally discriminated against him on the basis of race. You should consider the plaintiff's indirect evidence along with all of the evidence in the case and determine whether it proves by a preponderance of the evidence, that the defendant was motivated by a racially discriminatory purpose.

Authority

United States Supreme Court: United States Postal Service Bd. of Governors v. Aikens, 460 U.S. 711, 103 S. Ct. 1478, 75 L. Ed. 2d 403 (1983) ; Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981) .

Fourth Circuit: Williams v. Staples, Inc., 372 F.3d 662 (4th Cir. 2004).

Fifth Circuit: Page v. United States Industries, Inc., 726 F.2d 1038, 1046 (5th Cir. 1984) .

Sixth Circuit: Erebia v. Chrysler Plastic Products Corp., 772 F.2d 1250 (6th Cir. 1985), cert. denied, 475 U.S. 1015 (1986) .

Seventh Circuit: Hunt v. City of Markham, 219 F.3d 649 (7th Cir. 2000) .

Ninth Circuit: El-Hakem v. BJY, Inc., 2005 U.S. App. LEXIS 14805 (9th Cir. July 21, 2005) .

Tenth Circuit: Hampton v. Dillard Dep't Stores, Inc., 247 F.3d 1091 (10th Cir. 2001), cert. denied, 534 U.S. 1131 (2002); Tyler v. RE/MAX Mountain States, Inc., 232 F.3d 808 (10th Cir. 2000) .

District of Columbia Circuit: Coward v. ADT Security Sys., Inc., 140 F.3d 271 (D.C. Cir. 1998) ; Carter v. Duncan-Huggins, Ltd., 727 F.2d 1225 (D.C. Cir. 1984) .

**Instruction 87-16 Direct Evidence--Plaintiff's Burden**

The plaintiff has introduced direct evidence which he claims demonstrates that the defendant intentionally discriminated against him on the basis of race. If you believe the plaintiff's evidence, and are persuaded by a preponderance of the evidence that the defendant intentionally discriminated against him on the basis of race, then you must find for the plaintiff unless you find, under instructions I will give you in a moment, that the defendant would have taken the same action even in the absence of discriminatory intent.

<u>Authority</u>

District of Columbia Circuit: Carter v. Duncan-Huggins, Ltd., 727 F.2d 1225 (D.C. Cir. 1984) .

Eleventh Circuit: Perryman v. Johnson Products Co., 698 F.2d 1138 (11th Cir. 1983) ; Lee v. Russell County Bd. of Educ., 684 F.2d 769 (11th Cir. 1982) .

**Instruction 87-17 Direct Evidence--Defendant's Burden**

The defendant has presented evidence to show that he would have [describe the adverse action taken against the plaintiff] even in the absence of discriminatory intent. It is the defendant's burden to persuade you on this point. That means that the defendant must persuade you, by a preponderance of the evidence, that even if he put aside her discriminatory intent or if it did not exist at all, he [describe the adverse action taken against the plaintiff].

If the defendant persuades you that he would have taken the same action in any event, then the plaintiff was not harmed by defendant's intent to discriminate because he would have been treated the same way regardless of race. In that case, the defendant is not liable to plaintiff under section 1981 .

<u>Authority</u>

United States Supreme Court: Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S. Ct. 1775, 104 L. Ed. 2d 268 (1989) ; Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977) .

D.C. Circuit: U.S. Information Agency v. KRC, 989 F.2d 1211 (D.C. Cir. 1993).

Fifth Circuit: Guillory v. St. Landry Parish Police Jury, 802 F.2d 822 (5th Cir. 1986), cert. denied, 482 U.S. 916 (1987) .

Seventh Circuit: Bristow v. Drake Street Inc., 41 F.3d 345 (7th Cir. 1994).

Eleventh Circuit: Walters v. City of Atlanta, 803 F.2d 1135 (11th Cir. 1986) ; Dybczak v. Tuskegee

Institute, 737 F.2d 1524 (11th Cir. 1984) ; Perryman v. Johnson Products Co., 698 F.2d 1138 (11th Cir. 1983) ; Lee v. Russell County Bd. of Educ., 684 F.2d 769 (11th Cir. 1982) .

**Instruction 87-22AA Mixed Motive--Plaintiff's Burden**

The plaintiff has introduced evidence which he claims demonstrates that an illegitimate consideration--race--was a motivating factor in [describe the adverse action taken against the plaintiff]. If you believe the plaintiff's evidence, and are persuaded by a preponderance of the evidence that race was a motivating factor, even though other factors also motivated the practice, then you must find for the plaintiff.

Authority

42 U.S.C. § 2000e-2(m) , as added by the Civil Rights Act of 1991 .

Fourth Circuit: Fuller v. Phipps, 67 F.3d 1137 (4th Cir. 1995) .

**Instruction 87-24 Indirect Evidence--Defendant's Intermediary Burden**

If you determine that the plaintiff has made out a prima facie case of race discrimination, the burden shifts to the defendant either to disprove an element of the plaintiff's case, or to articulate a legitimate non-discriminatory reason for her action.

Authority

United States Supreme Court: Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981) ; McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973) .

District of Columbia Circuit: Metrocare v. Washington Metropolitan Area Transit Authority, 679 F.2d 922 (D.C. Cir. 1982) .

Second Circuit: Sweeney v. Research Found. of the State University of New York, 711 F.2d 1179 (2d Cir. 1983) .

Third Circuit: Lewis v. University of Pittsburgh, 725 F.2d 910 (3d Cir. 1983), cert. denied, 469 U.S. 892 (1984) .

Fifth Circuit: Reditt v. Mississippi Extended Care Centers, Inc., 718 F.2d 1381 (5th Cir. 1983) .

Eleventh Circuit: Smith v. Papp Clinic, P.A., 808 F.2d 1449 (11th Cir. 1987) ; Crawford v. Western Electric Co., 745 F.2d 1373 (11th Cir. 1984) ; Perryman v. Johnson Products Co., 698 F.2d 1138

(11th Cir. 1983) .

## Instruction 87-25 Indirect Evidence--Defendant's Attempt To Disprove Element of Prima Facie Case

The defendant has introduced evidence which he claims disproves an element of the plaintiff's prima facie case. The defendant has attempted to show that [describe defendant's response to a required prima facie element]. If you believe the evidence offered by the defendant, then you must return a verdict for the defendant, because the plaintiff's prima facie case has been disproved.

If, on the other hand, you disbelieve the defendant's evidence disputing the plaintiff's assertions, then you may, but need not, return a verdict for the plaintiff. I will shortly instruct you on what you must additionally consider in the event you disbelieve the defendant's evidence.

What you should first consider is the plaintiff's evidence. What the plaintiff has done is to introduce circumstantial evidence which serves to eliminate the most likely non-discriminatory reasons for the defendant's action. The defendant has introduced evidence which puts plaintiff's evidence in question. From plaintiff's evidence alone, unexplained or not controverted, you may infer that the defendant intended to discriminate on the basis of race, if you believe this is more likely true than not true. This inference is permissive, and you are free to reject it and return a verdict for the defendant. By producing evidence which puts the plaintiff's claims in question, the defendant has fulfilled her burden to proffer a non-discriminatory, and it is the plaintiff's obligation to persuade you by a preponderance of the evidence that the defendant intentionally discriminated against the plaintiff because of plaintiff's race, and for no other reason--that "but for" plaintiff's race, the defendant would not have taken the adverse action.

## Authority

United States Supreme Court: Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981) ; Int'l Brotherhood of Teamsters v. United States, 431 U.S. 324, 97 S. Ct. 1843, 52 L. Ed. 2d 396 (1977) .

District of Columbia Circuit: Bundy v. Jackson, 641 F.2d 934 (D.C. Cir. 1981) .

First Circuit: Loeb v. Textron, Inc., 600 F.2d 1003 (1st Cir. 1979) .

Third Circuit: Lewis v. University of Pittsburgh, 725 F.2d 910 (3d Cir. 1983), cert. denied, 469 U.S. 892 (1984) .

Seventh Circuit: Flowers v. Crouch-Walker Corp., 552 F.2d 1277 (7th Cir. 1977) .

Eighth Circuit: Muldrew v. Anheuser-Busch, Inc., 728 F.2d 989 (8th Cir. 1984) ; Kenyatta v. Bookey Packing Co., Division of Swift & Co., 649 F.2d 552 (8th Cir. 1981) .

Tenth Circuit: Whatley v. Skaggs Cos., 707 F.2d 1129 (10th Cir. 1983), cert. denied, 464 U.S. 938 (1983) .

## Instruction 87-26 Indirect Evidence--Defendant Articulates Non-Discriminatory Reason

The defendant in this case has stated a legitimate, non-discriminatory reason for [describe the challenged behavior of the defendant]. By doing so, the defendant has met her burden of producing some explanation of her actions other than discrimination. It is not necessary that the reason be a good one, or even that you believe it to be true. All the defendant need do is state a reason other than race for her action. It is the plaintiff's obligation to disprove that it was the reason for the defendant's action, not the defendant's burden to convince you that it was her reason.

By meeting this intermediary burden, the defendant has shifted the burden of persuasion back to the plaintiff. I will shortly instruct you on what the plaintiff's obligation now is, and how you must evaluate whether it has been met.


Authority

United States Supreme Court: Johnson v. Transportation Agency, 480 U.S. 616, 107 S. Ct. 1442, 94 L. Ed. 2d 615 (1987) ; Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981) ; McDonald v. Santa Fe Trail Transportation Co., 427 U.S. 273, 96 S. Ct. 2574, 49 L. Ed. 2d 493 (1976) ; McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1812, 36 L. Ed. 2d 668 (1973) .

District of Columbia Circuit: Metrocare v. Washington Area Transit Authority, 679 F.2d 922, 927 (D.C. Cir. 1982) (defendant can negate prima facie case or articulate some legitimate, non-discriminatory reason for its action).

First Circuit: Morgan v. Massachusetts General Hospital, 901 F.2d 186 (1st Cir. 1990) ; Loeb v. Textron, Inc., 600 F.2d 1003 (1st Cir. 1979) .

Second Circuit: Sweeney v. Research Found. of State University of New York, 711 F.2d 1179 (2d Cir. 1983) (defendant must raise a genuine issue of fact).

Third Circuit: Lewis v. University of Pittsburgh, 725 F.2d 910 (3d Cir. 1983), cert. denied, 469 U.S. 892 (1984) .

Fifth Circuit: Redditt v. Mississippi Extended Care Centers, Inc., 718 F.2d 1381 (5th Cir. 1983) (all employer needs do to rebut presumption raised by prima facie case is raise a genuine issue of fact as to whether it discriminated against the plaintiff).

Seventh Circuit: Blise v. Antaramian, 409 F.3d 861 (7th Cir. 2005) .

35

Eighth Circuit: Blaine v. Whirlpool Corp., 891 F.2d 203 (8th Cir. 1989) ; Muldrew v. Anheuser-Busch, Inc., 728 F.2d 989 (8th Cir. 1984) .

Eleventh Circuit: Smith v. Papp Clinic, P.A., 808 F.2d 1449 (11th Cir. 1986) ; Crawford v. Western Electric Co., Inc., 745 F.2d 1373, reh. denied, 751 F.2d 394 (11th Cir. 1984) ; Perryman v. Johnson Products Co., 698 F.2d 1138 (11th Cir. 1983) (defendant need not persuade trier of fact that its reasons are legitimate).

Federal Circuit Ruiz v. Chance Co., 234 F.3d 654 (Fed. Cir. 2000) .

## Instruction 87-27 Pretext

The plaintiff has introduced evidence that the defendant's articulated reason for her action is nothing more than a pretext for discrimination. In other words, the plaintiff has introduced evidence to show that the defendant's reasons are not the true reaons why the defendant took adverse action(s) against the plaintiff, that such reasons are unworthy of belief and that the true reason for the adverse action(s) was discrimination.

When you consider the plaintiff's evidence that the reason advanced by the defendant is a pretext, keep in mind that the relevant question is whether the defendant's reason was not the real reason for her actions. The question is not whether the defendant's reason showed poor or erroneous judgment. You are not to judge the defendant's wisdom. An employer is entitled to make an employment decision for a good reason, a bad reason or for no reason at all, so long as the decision is not motivated by unlawful discrimination. However, you may consider whether the defendant's reason is merely a cover-up for discrimination. In doing this, you may consider whether the asserted reason comports with the defendant's own policies and rules and whether such policies and rules have been applied uniformly. You also should carefully evaluate any subjective reasons that the defendant has asserted for taking the action(s) against the plaintiff that it did in deciding whether the plaintiff has met her burden of proof.

It is the plaintiff's burden to persuade you, by a preponderance of the evidence that the defendant took the adverse action(s) against plaintiff because of her race. If you do not believe the defendant's explanations for its action(s), then you may infer, but need not infer, that the plaintiff has satisfied her burden of proof that the defendant intentionally discriminated against him because of her race.

Authority

United States Supreme Court: St. Mary's Honor Ctr. v. Hicks, -- U.S. --, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993) .

First Circuit: Morgan v. Massachusetts General Hospital, 901 F.2d 186 (1st Cir. 1990) .

Second Circuit: Cabrera v. Jakabovitz, 24 F.3d 3372 (2nd Cir. 1994); Gallo v. Prudential Residential

Servs., 22 F.3d 1219 (2nd Cir. 1994); DeMarco v. Holy Cross High School, 4 F.3d 166 (2nd Cir. 1993); Gibson V. American Broadcasting Cos., 892 F.2d 1128 (2nd Cir. 1989); Montana v. First Federal Savings and Loan Assocs., 869 F.2d 100 (2d Cir. 1988).

Fourth Circuit: Fuller v. Phipps, 67 F.3d 1137 (4th Cir. 1995) .

Seventh Circuit: Blise v. Antaramian, 409 F.3d 861 (7th Cir. 2005) ; Mason v. Continental Illinois Nat'l Bank, 704 F.2d 361 (7th Cir. 1983) .

Eighth Circuit: Clay v. Hyatt Regency Hotel, 724 F.2d 721 (8th Cir. 1984) ; Muldrew v. Anheuser-Busch Inc., 728 F.2d 989 (8th Cir. 1984) ; Tate v. Weyerhauser Co., 723 F.2d 598 (8th Cir. 1983) .

Tenth Circuit: Hampton v. Dillard Dep't Stores, Inc., 247 F.3d 1091 (10th Cir. 2001), cert. denied, 534 U.S. 1131 (2002); Tyler v. RE/MAX Mountain States, Inc., 232 F.3d 808 (10th Cir. 2000) .

Eleventh Circuit: Nix v. WLCY Radio Rahall Communications, 738 F.2d 1181, 1187 (11th Cir. 1984).

## NEGLIGENCE

**PJI 2:10. COMMON LAW STANDARD OF CARE--NEGLIGENCE DEFINED**--GENERALLY

Negligence is lack of ordinary care. It is a failure to use that degree of care that a reasonably prudent person would have used under the same circumstances. Negligence may arise from doing an act that a reasonably prudent person would not have done under the same circumstances, or, on the other hand, from failing to do an act that a reasonably prudent person would have done under the same circumstances.

**Plaintiff contends that Defendants  had a duty:**

[1]     Not to falsely charge, accuse, or identify Plaintiff CARMEN CRUZ or any other patrons of crimes;

[2]     to use reasonable care to avoid filing false claims against Plaintiff and/or to have a reasonable basis to file criminal charges against persons;

[3]     to refrain from filing false statements with law enforcement;

[4]     to refrain from subjecting innocent persons to criminal prosecution and/or process;

[5]     to correct any and all inaccuracies in criminal complaints that they file against accused persons;

[6]     to testify truthfully during the criminal prosecution of an accused;

[7]     to refrain from maliciously prosecuting innocent persons;

[8]     to refrain from falsely arresting and imprisoning innocent persons;

[9]     to refrain from profiling customers based upon their race and/or color;

[10]    to instruct and/or train its employees, agents, associates (such as Defendant Kellerman) with respect to proper loss prevention techniques, free from racial profiling;

[11]    to discipline it employees, agents, and/or associates (such as Defendants Kellerman) for filing false criminal statements against customers;

[12]    To maintain alleged stolen or damaged merchandise that was/is the subject of a civilian arrest for which Defendants intend to prosecute accused persons;

[13]    to refrain from discriminating against Plaintiff based upon her race and/or color;

**Plaintiff contends that Defendants breached their duties when they:**

[1]     falsely accused Ms. Cruz of shoplifting, in front of her friends and other customers, without reasonable basis to do so;

[2]     created, and/or sign inaccurate, misleading and false statements in furtherance of the malicious criminal prosecution against Ms. Cruz;

[3]     lodged false criminal charges against Ms. Cruz;

[4]     allowed Ms. Cruz to undergo criminal prosecution without basis;

[5]     failed to correct known and obvious false assertions and/or statements contained in the prosecutor's information against Ms. Cruz;

[6]     profiled and followed Ms. Cruz and her friends around the Modells store, based upon their race - as opposed to a legitimate reason;

[7]     failed to train their employees, agents, and/or representatives (such as defendant Kellerman) or proper loss prevention techniques;

[8]     failed to provide racial sensitivity training and/or instruction to its supervisory and/or management staff, such as Defendant Kellerman;

[9]     allowed Defendant Kellerman to file false criminal charges against Ms. Cruz, while acting within the scope of his authority as Manager for Modell's;

[10]    unreasonably executed a unlawful citizen's arrest on Ms. Cruz without basis or cause;

[11]    performed an unwarranted citizen's arrest on Ms. Cruz and caused the wrongful arrest, detention and criminal prosecution of Plaintiff without her permission and without any reasonable basis;

[12]    caused Plaintiff to undergo full criminal process including, arrest, photographing, fingerprinting, detention, and trial based upon her race.

Plaintiff contends that she was injured and/or caused to be damaged as a direct result of the above-stated alleged breaches of duty by Defendants.

Plaintiff also contends that she would not have been damages/injured, but for the above-mentioned failures and breaches of duty by Defendants. In other words, Plaintiff contends that the damages, loss of money, emotional distress, and suffering she experienced was proximately caused and caused in-fact by Defendant's above-stated acts.

**JURY INSTRUCTION 12.80**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

The plaintiff Carmen Cruz [also] seeks to recover damages based upon a claim of [negligent infliction of emotional distress.]

The elements of such a claim are:

1.      The defendant engaged in [negligent conduct];

2.      The plaintiff suffered serious emotional distress;

3.      The defendant's [negligent conduct] was a cause of the serious emotional distress.

 Serious emotional distress is an emotional reaction which is not an abnormal response to the

circumstances. It is found where a reasonable person would be unable to cope with the mental distress caused by the circumstances.

In this case, Plaintiff alleges that the negligent actions of Defendants - in subjecting her to racial profiling, in falsely accusing her of criminal activity, in filing false criminal reports/complaints, in causing her to undergo full criminal process including, arrest, photographing, fingerprinting, detention, and trial based upon her race, in accusing her of shoplifting in front of her friends and other customers, caused her to suffer serious emotional distress

## VICARIOUS RESPONSIBILITY/ EMPLOYER-EMPLOYEE
## PJI 2:235 VICARIOUS RESPONSIBILITY- EMPLOYER-EMPLOYEE

An employer is responsible for the act of its employee if the act is in furtherance of the employer's business and is within the scope of the employee's authority. An act is within the scope of an employee's authority if it is performed while the employee is engaged generally in the performance of his or her assigned duties or if the act is reasonably necessary or incidental to the employment. The employer need not have authorized the specific act in question.

Among the factors you may consider in deciding whether [MODELL'S EMPLOYEE'S including but not limited to DEFENDANT GREGORY KELLERMAN] were acting within the furtherance of [MODELL'S]  business and within the scope of (its) authority, the connection between the time, place and occasion for the act; the history of the relationship between [MODELL'S] and [its employees including DEFENDANT GREGORY KELLERMAN] as spelled out in actual practice; whether the act is one commonly done by such an employee; the extent of

40

departure from normal methods of performance and whether the specific act was one that [MODELL'S] could reasonably have anticipated. If you find [any of the employees including DEFENDANT GREGORY KELLERMAN] negligently caused injury to the plaintiffs while acting within the scope of (his) authority and in furtherance of [MODELL'S] business, then [MODELL'S] is legally responsible for [the employees, including DEFENDANT GREGORY KELLERMAN'S] conduct.

## PJI 2:236. VICARIOUS RESPONSIBILITY--EMPLOYER-EMPLOYEE--PROHIBITED ACT

Even though you find that [MODELL'S], the employer, specifically instructed [its employees including DEFENDANT GREGORY KELLERMAN'S], not to profile customers based upon race, not to falsely accuse customers of illegal activity without basis, not to file false reports with law enforcement against customers, not to make false statements against alleged shoplifters, not to discriminate against costumers based upon race or color, if you find that it was done in furtherance of the employer's business and was reasonably foreseeable by the employer, you may find that it was within the scope of the employee's authority.

## PJI 3:23F.   Intentional Torts—Defamation—Elements of Case—Plain Slander—Private Person and Speech of Private Concern

This is an action to recover damages for slander. Spoken words are slanderous if they tend to expose the plaintiff to public hatred, contempt, ridicule or disgrace and if they have caused that person actual financial loss. The plaintiff claims that on March 18, 2004 at Modells' Sporting Goods Store in Riverhead  in the presence of Ms. Cruz' Friends, customers, and other employees, Defendant Kellerman, while acting within the scope of his duties as Store Manager for Defendant Modells' said theat Plaintiff: [1] engaged in criminal activity, [2] committed Petit Larceny, [3] engaged in criminal mischief, [4] stole, obtained or withheld property from Modell's,

[5]  attempted to remove a dye stop tag, [6] attempted to conceal football jersey's upon her person, [6] removed said property from the store without permission to do so and without paying, [7] intentionally damaged two New York jets Jersey's having a total value of $130.00, [8] pryed-off a "dye stop tag" ink security device

To recover damages for slander, plaintiff has the burden of proving three (four) elements. If the plaintiff has proved all three (four) of these elements, you will decide in plaintiff's favor and go on to determine the amount of damages. However, if plaintiff failed to prove any one of those three (four) elements, plaintiff may not recover.

First, plaintiff must prove that the statement was defamatory, meaning that the statement had a tendency to expose the plaintiff to public hatred, contempt, ridicule or disgrace.

Second, plaintiff must prove that the statement referred to the plaintiff, meaning that the statement would be reasonably understood to be about the plaintiff.

Third, plaintiff must prove that defendant published or broadcast the statement, meaning that the defendant communicated the statement to someone other than the plaintiff.

Fourth, plaintiff must prove that the statement was a substantial factor in causing plaintiff to suffer financial loss.

The plaintiff has the burden of proving these (four) elements by a "fair preponderance of the credible evidence." What does "a fair preponderance of the credible evidence" mean? The credible evidence means the testimony or exhibits that you find to be worthy of belief. A preponderance means the greater part of such evidence. That does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase refers to the quality of the evidence, that is, its convincing quality, the weight and the effect that it has on your mind. The law

42

requires that, in order for the plaintiff to sustain his, her burden of proof as to each element, the evidence that supports (his, her) claim must appeal to you as more nearly representing what took place than that opposed to (his, her) claim. If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, then you must decide the question in favor of the defendant. If the evidence favoring the plaintiff's claim as to any element outweighs the evidence opposed to it, then you must decide in favor of the plaintiff.

### PJI 3:24. Intentional Torts—Defamation—Defamatory Meaning

The first question for you to decide is whether defendant's statement was defamatory. A statement is defamatory if it tends to expose the plaintiff to public hatred, contempt, ridicule or disgrace—that is, if it would tend to lead the average person in the community to form an evil or bad opinion of the plaintiff. A statement is also defamatory if it tends to discredit the plaintiff in the conduct of (his, her, its) occupation, profession, trade or office.

Not every unpleasant or uncomplimentary statement is defamatory. A statement that is merely unpleasant, offensive or embarrassing, or that hurts the plaintiff's feelings, is not necessarily defamatory. Because language often has different meanings, the law imposes upon the plaintiff the burden of proving that the statement about which plaintiff complains would in fact be understood by the average person as defamatory.

Plaintiff claims that the defendants stated that she: [1] engaged in criminal activity, [2] committed Petit Larceny, [3] engaged in criminal mischief, [4] stole, obtained or withheld property from Modell's, [5]  attempted to remove a dye stop tag, [6] attempted to conceal football jersey's upon her person, [6] removed said property from the store without permission to do so and without paying, [7] intentionally damaged two New York jets Jersey's having a total value of $130.00, [8] pryed-off a "dye stop tag" ink security device.

If you find that the statement did not tend to expose the plaintiff to public hatred, contempt, ridicule or disgrace or to discredit the plaintiff in the conduct of (his, her, its) occupation, profession, trade or office, then you need go no further and report to the Court. If you find from the evidence that the plaintiff has proved that the statement tended to expose the plaintiff to public hatred, contempt, ridicule or disgrace, then you must find the statement defamatory and proceed to consider the remaining elements.

Intentional Torts—Defamation—Reference to Plaintiff

The second element that plaintiff must prove is that the statement referred to (him, her); that is, the plaintiff must prove that the statement was communicated to third persons who reasonably would have understood the statement to refer to the plaintiff.

If you find that the statements - that being the criminal complaints/allegation of criminal activity that were asserted by Defendants against Plaintiff - would be commonly understood by such readers from the content of the criminal complaint, taken according to the customary use of language, and from facts about plaintiff known to such readers that the criminal complaint referred to the plaintiff, then you must consider the remaining elements of plaintiff's case. If you find that it would not be commonly understood by readers of average intelligence from the content of the criminal complaint, taken according to the customary use of language, and from facts about plaintiff known to such readers that the article referred to plaintiff, then you need proceed no further and report to the Court.

If you find that defendant's statement was (read, heard) by someone other than the plaintiff, then you must proceed to consider the other elements of plaintiff's case. If you find that defendant's statement was not (read, heard) by someone other than the plaintiff, then you do not need

to proceed further and report to the Court.

## PJI 3:26. Intentional Torts-Defamation-Publication

The third element that plaintiff must prove is that defendant published the statement, that is, that the defendant's statement was (read, heard) by some person or persons other than the plaintiff.

## PJI 3:27. Intentional Torts—Defamation—Falsity

The next question for you to decide is whether the statement was false.

A statement is false if it is not substantially true. Minor inaccuracies in the statement may be disregarded in determining whether the statement is false. You will determine from the evidence presented what the truth was and then compare that with the (written, oral) statement which you find was made by the defendant, taking that statement according to the ordinary meaning of the words. If you find that the statement was false, then you must proceed to consider the other elements of plaintiff's case. If you find that the statement was true, then you do not need to proceed further and report to the Court.

## OUTRAGEOUS CONDUCT CAUSING EMOTIONAL DISTRESS

### PJI 3:6. Intentional Torts—Interference with Person or Property—Outrageous Conduct Causing Emotional Distress

One who (intentionally and for the purpose of causing severe emotional distress, recklessly) conducts (himself, herself) toward another person in a manner so shocking and outrageous that it exceeds all reasonable bounds of decency is liable to such person for any resulting severe emotional distress. Intent involves the state of mind with which an act is done. If a person acts voluntarily with a desire to bring about a result, (he, she) is said to have intended that result.

45

Further, although (he, she) has no desire to bring about the result, if (he, she) does the act knowing, with substantial certainty, that the result will follow, (he, she) is also said to have intended that result. An act is reckless when it is done in such a manner and under such circumstances as to show utter disregard of the consequences that may follow.)          Emotional distress is severe when it is of such intensity and duration that no reasonable person should be expected to endure it.

If you find, first, that defendant's conduct toward plaintiff was so outrageous and shocking that it exceeded all reasonable bounds of decency as measured by what the average member of the community would tolerate and, second, that defendant's conduct caused severe emotional distress to plaintiff and, third, that defendant acted with the desire to cause such distress to plaintiff; under circumstances known to defendant which made it substantially certain that that result would follow; recklessly and with utter disregard of the consequences that might follow) your finding on this
 issue will be for plaintiff.

If, on the other hand, you find, first, that defendant's conduct was not so outrageous and shocking as to exceed all reasonable bounds of decency as measured by what the average member of the community would tolerate or, second, that although it was, defendant's conduct did not cause severe emotional distress to plaintiff or, third, that although defendant's conduct was outrageous and shocking and did cause severe emotional distress to plaintiff, defendant did not act with the desire to cause such distress to plaintiff; nor under circumstances known to defendant which made it substantially certain that that result would follow; recklessly and with utter disregard of the consequences that might follow) your finding on this issue will be for the defendant.

## C. FALSE IMPRISONMENT AND FALSE ARREST

**PJI 3:5. Intentional Torts—Interference with Person or Property—False Imprisonment**

In this action the plaintiff seeks damages for false arrest/imprisonment. One commits a false arrest if he intentionally and without the right to do so arrests—or takes into custody—a person who is aware of such arrest and does not consent to it.

Plaintiff claims that defendant arrested her without a warrant for the crime of Petit Larceny and Criminal Mischief  and caused her to sustain damages. Defendant admits that they arrested plaintiff and that they had no warrant, but says that under the circumstances the arrest was lawful.

Under the laws of this State, the defendant had the right to effect a citizens' arrest of plaintiff without a warrant if he had reasonable cause for believing that a crime had been committed and that plaintiff had committed it. The burden is upon defendant to prove by a fair preponderance of the evidence that he had reasonable cause for believing that the crime of Attempted Petit Larceny and Criminal Mischief  **had been committed and that the plaintiff was the person who had committed it.**

Defendants accused Plaintiff of Petit Larceny and Criminal Mischief.
Plaintiff was tried in a criminal action for Petit Larceny and Criminal Mischief and was found not guilty by a different jury. As the Plaintiff's innocense has already been determined by another jury, Plaintiff's innocense or guilt is not to be considered or determined by you. What you are to determine is whether Defendants had reasonable cause to believe that Plaintiff engaged in Criminal Mischief and/or Attempted Petit Larceny at the time that they effected a citizen's arrest of Plaintiff.

Reasonable cause for the arrest existed if the facts and circumstances known to the defendant, or the information supplied to him before making the arrest, were such as to lead a reasonably prudent person to believe that the crimes of Petit Larceny and Criminal Mischief had been committed and that plaintiff was the person who had committed it. An arrest made with

reasonable cause is lawful even though, as it now appears, plaintiff did not commit the crime for which she was arrested.

There was testimony that *[here marshal evidence supporting justification and that controverting the defense]*. Defendant contends that at the time he arrested plaintiff the facts as they appeared to him were *[specify the facts which, if established, are sufficient to constitute reasonable cause]*. If you find that the facts appeared to defendant as he claims and that a reasonably prudent person would have believed that those were the facts, your finding will be that defendant had reasonable cause to believe that the crime of *Criminal Mischief and Attempted Petit Larceny* had been committed, and that the plaintiff had committed it, and your finding will be that there was no false arrest. If you find that the facts as they appeared to the defendant were not as he claims or that it was not reasonable for him to have believed that those were the facts, your finding will be that the defendant did not have reasonable cause and you will find that there was a false arrest.

## NEW YORK STATE (EXEC. LAW) HUMAN RIGHTS LAW SECT. 296

Discrimination in places of public accommodation prohibited

I hereby instruct you that under the NYS Executive Law § 296 commonly referred to as the Human Rights Law. Under the New York State Human Rights Law, it is unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, resort or amusement, because of the race, creed, color  . . . directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof.

Plaintiff Carmen Cruz asserts that On March 18, 2004, Plaintiff CARMEN CRUZ, sought accommodations to conduct business with or at  Defendants  MODELL & COMPANY, INC and

48

that she was clear about her intentions to conduct business with Defendants HENRY MODELL & COMPANY, by shopping for and attempting to purchase sports apparel on that day at that time. Plaintiff CARMEN CRUZ asserts that she was ready, willing, and able to conduct said business with Defendants HENRY MODELL & COMPANY, INC but was forcibly prevented from conducting business and denied equal access to public accommodations made available to white persons/customers that visit MODELL'S, because of the color of her skin, that being black, and her race, that being African descent.

Plaintiff, asserts that she was prevented from receiving equal accommodations as provided to white persons and was prevented from engaging in transactions and business on equal terms as white persons because she alleges that she was racially profiled, falsely accused of crimes, seized and falsely imprisoned, deprived of her freedom, was subjected to search seizure, personal, humiliation, degradation, and was forced to endure criminal prosecution.

In order for the plaintiff to recover, plaintiff must prove by a preponderance of the evidence that (his, her) race was a determining factor in the defendant's decision to accuse Plaintiff of committing Attempted Petit Larceny and Criminal Mischief, arresting Plaintiff, and for criminally prosecuting Plaintiff. There can be more than one determining factor in any decision. Therefore plaintiff need not prove that race was the only reason for defendant's decision. Race is a determining factor if plaintiff would not have received the treatment she alleges except for (his, her) race. In other words, race is a determining factor if it made a difference in determining whether or not (he, she) would have been followed and/or watched by Defendant Kellerman, as she asserts, accused of a committing unlawful acts, arrested and prosecuted.

Plaintiff is not required to produce direct evidence that defendant

discriminated against (him, her) on the basis of race. Discrimination is rarely

admitted and may be inferred from the existence of other facts. If you find that plaintiff has failed

to prove any one of these facts, you will find for the defendant (on this issue). If you find that

plaintiff has proved all of these facts, then you must proceed to consider the reason defendant has

given for their actions.

Defendant has produced evidence that *[here state defendant's nondiscriminatory reason]*.

Plaintiff has the burden of establishing by a preponderance of the evidence that the reason

offered by defendant was not really the reason the promotion was denied and that, more likely than

not, plaintiff's race was a determining factor in the decision. If you find that plaintiff has failed to

prove that the reason offered by defendant was not really the reason for their actions, then you will

find for the defendant (on this issue). If you find that plaintiff has proved that the reason offered by

defendant was an excuse for discrimination, then you will find for the plaintiff (on this issue) and

you should proceed to determine the amount of damages.

Dated: Hempstead, New York
      February 28, 2007

Respectfully submitted,

LAW OFFICES OF
FREDERICK K. BREWINGTON

**/S/**

By:     _____
FREDERICK K. BREWINGTON (FB5295)
GREGORY CALLISTE, JR. (GC 8140)
*Attorneys for Plaintiff*
50 Clinton Street, Suite 501
Hempstead, New York 11550
(516) 489-6959