UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CARMEN CRUZ,

                              Plaintiff,                    **MEMORANDUM**
                                                           **AND ORDER**

              -against-

HENRY MODELL & COMPANY, INC. d/b/a
and/or a.k.a MODELL'S SPORTING GOODS,                      CV 05-1450 (AKT)
and GREGORY KELLERMAN (in his
individual and official capacity),

                              Defendants.
-----------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

        Having obtained a verdict in her favor, Plaintiff Carmen Cruz now moves for an award of

attorney's fees and costs.  For the reasons set forth below, the motion is GRANTED, in part.

**I.    BACKGROUND**

        The facts that give rise to this action arose on March 18, 2004 when Plaintiff decided to

go shopping with her friend, Olga Sanders, to purchase some sports jerseys for their daughters to

wear to a 16th birthday celebration for one of the Sanders' cousins.  They were accompanied by

Olga's young daughter, Tiffany Sanders.  Plaintiff and the Sanders were shopping in the

Riverhead Modell's store when Defendant Gregory Kellerman contacted the Riverhead Police

Department and effected a citizen's arrest of Plaintiff in the Modell's store.  Because this was a

civilian arrest, Defendant Kellerman signed the civilian arrest form attesting to the fact that he

placed Plaintiff under arrest and what she was being arrested for.  Plaintiff was arrested,

handcuffed, charged with attempted petit larceny and attempted criminal mischief, and taken by

police car to the Riverhead police station.   She remained at the Riverhead police headquarters

for a number of hours until Defendant Kellerman came to sign the charges. Approximately one year later, Plaintiff went to trial in Suffolk County on the criminal charges and was found not guilty on all counts. The accompanying Decision and Order on Defendants' motion for a new trial sets forth the additional relevant facts in this matter.

Plaintiff filed suit in this Court on March 18, 2005, alleging violations of 42 U.S.C § 1981, 42 U.S.C. § 2000a, the New York State Civil Rights Law, the New York State Executive Law, as well as claims of false imprisonment, negligence, defamation, intentional infliction of emotional distress, negligent infliction of emotional distress and vicarious liability. Plaintiff alleged that Defendants committed racially discriminatory acts against her which deprived her of her federally protected rights. Prior to the commencement of the trial, Plaintiff withdrew her claims for violations of 42 U.S.C. § 2000a, New York Civil Rights Law § 40 and negligent infliction of emotional distress. A jury trial was conducted between March 5 and March 13, 2007. At the close of evidence, the Court dismissed the claim for intentional infliction of emotional distress. On March 13, 2007, after a six day trial, the jury returned a verdict. The jury awarded Plaintiff a total of $338,004.72 in compensatory damages and $150,000 in punitive damages on Plaintiff's claims of intentional discrimination under 42 U.S.C. § 1981, false imprisonment and negligence. Defendants were found not liable for violation of New York Executive Law § 296 nor for the state law defamation claim.

## II.    ATTORNEY'S FEES

### A.    Plaintiff's Entitlement to Attorney's Fees

The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, provides that "[i]n any action or proceeding to enforce a provision of section[ ] 1981 . . . of this title . . . the

court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee . . . ." 42 U.S.C. § 1988(b). The purpose of Section 1988 is to "ensure effective access to the judicial process for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (internal citations and quotation marks omitted). Importantly, "a prevailing party should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Lide v. Abbott House*, No. 05 Civ. 3790, 2008 WL 194656, at *1 (S.D.N.Y. Jan. 23, 2008) (quoting *Hensley*, 421 U.S. at 429). District courts are generally "given broad discretion in assessing what is reasonable under the circumstances." *Lucian v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997).

Defendants contend that based upon the reasoning of the Second Circuit in *Zarcone v. Perry*, 581 F.2d 1039, 1041 (2d Cir. 1978), Plaintiff is not entitled to an attorney's fees award because "such an award would result in a substantial windfall and would be contrary to the legislative intent of the Civil Rights Attorney's Fees Act." Post Trial Mem. of Law in Opp'n to Pl.'s Application for Atty's Fees ("Def. Mem.") at 3. In *Zarcone*, the plaintiff brought a civil rights action against a traffic court judge who purchased coffee from the plaintiff's vending truck. *Zarcone*, 581 F.2d at 1040. Dissatisfied with the coffee's taste, the judge ordered a deputy sheriff to bring the plaintiff through a crowded courthouse in handcuffs to chambers, and "tongue-lashed" and threatened the plaintiff with legal action and the loss of his job, causing the plaintiff severe emotional distress. *Id.* The Second Circuit held that the plaintiff was not entitled to an attorney's fees award even after he obtained a jury verdict in his favor in connection with his civil rights action because:

From the outset [of the plaintiff's case] it was clear that the prospects for a

substantial monetary recovery were good, in view of the clear wrongfulness of the challenged conduct, and the injuries and hospital costs incurred by plaintiff. Thus it was apparent that counsel fees would not present a significant barrier to institution and prosecution of a suit for damages.

*Id.* at 1044.

Subsequently, however, in *Kerr v. Quinn*, 692 F.2d 875, 877 (2d Cir. 1982), the Second Circuit reiterated the general "presumption that successful civil rights litigants should recover an attorney's fee unless special circumstances would render such an award unjust." The court explained that this presumption may be overcome only after a district court engages in a two-part inquiry:

The district court's discretion to deny fees begins, therefore, only after an initial determination that the plaintiff's claim was so strong on the merits and so likely to result in a substantial judgment that counsel in similar cases could be easily and readily obtained. Only after this threshold has been crossed may a district court proceed to the second step and exercise discretion to deny counsel fees if it believes an award would work an injustice.

*Id.* at 877-78. The initial inquiry of "whether attorneys who generally take [civil rights cases such as Plaintiff's] on a contingent basis would readily appreciate the value of the case and agree to pursue it," must be determined "in light of the posture of the case at the time counsel is sought, not in light of hindsight." *Id.* at 878.

Under this standard, the Court finds that an award of attorney's fees to Plaintiff as a prevailing party is proper in this case. In *Zarcone*, because the conduct underlying the plaintiff's lawsuit was so egregious and liability was so clear, the court found that a person in the plaintiff's position would have no difficulty retaining an attorney on a contingency basis. *See Zarcone*, 581 F.2d at 1044. In this matter, however, at the time Plaintiff sought counsel, Plaintiff's claim was

not "so strong that counsel might easily and readily [be] retained in similar cases." *See Kerr*, 692

F.2d at 879. For example, in determining whether to take Plaintiff's civil rights case, prospective

counsel would have to account for the fact that, in the underlying criminal action, the state

presented sufficient evidence against Plaintiff to allow the larceny and criminal mischief charges

against her to go to the jury. *See id.* Accordingly, the Court sees no reason to deviate from the

normal presumption that attorney's fees are properly awarded to a prevailing party in a civil

rights action.

> **B.**     **The Presumptively Reasonable Fee**

The approach most recently espoused by the Second Circuit to determine appropriate

attorneys' fees in federal litigation uses as a standard a "presumptively reasonable fee." *Arbor

Hill Concerned Citizens v. County of Albany*, 493 F.3d 110, 117 (2d Cir. 2007), *amending* 484

F.2d 162 (2d Cir. 2007).[1] This number should represent "what a reasonable, paying client would

be willing to pay" for legal services rendered, and a court should consider the following factors in

its calculation:

> [T]he complexity and difficulty of the case, the available expertise and
> capacity of the client's other counsel (if any), the resources required to
> prosecute the case effectively (taking account of the resources being
> marshaled on the other side but not endorsing scorched earth tactics), the
> timing demands of the case, whether the attorney had an interest (independent
> of that of his client) in achieving the ends of the litigation or initiated the
> representation himself, whether the attorney was initially acting *pro bono*
> (such that a client might be aware that the attorney expected low or non-
> existent remuneration), and other returns (such as reputation, etc.) the
> attorney expected from the representation.

---

[1]     The Second Circuit has recommended abandoning the term "lodestar" as its
meaning has "shifted over time, and its value as a metaphor has deteriorated to the point of
unhelpfulness." *Id.*

*Id.* at 112.

The "presumptively reasonable fee" is comprised of a "reasonable hourly rate multiplied by a reasonable number of expended hours." *Finkel v. Omega Commc'n Services, Inc.*, No. 06-CV-3597, 2008 WL 552852, at *6 (E.D.N.Y. Jan. 23, 2008) (citing *Arbor Hill*, 493 F.3d at 117-18). "The party seeking reimbursement of attorneys' fees must demonstrate the reasonableness and necessity of hours spent and rates charged." *Id.* (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983)).

## 1.     Reasonableness of Number of Hours Expended

### a.     *Legal Standard*

To determine whether the number of hours spent by Plaintiff's counsel was reasonable, the Court must "use [its] experience with the case, as well as [its] experience with the practice of law, to assess the reasonableness of the hours spent . . . in a given case." *Fox Indus., Inc. v. Gurovich*, No. CV 03-5166, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)). A court should "exclude hours that were 'excessive, redundant, or otherwise unnecessary' to the litigation . . . ." *Cho v. Koam Med. Services P.C.*, 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007) (quoting *Hensley*, 461 U.S. at 434). A party seeking an award of attorney's fees bears the burden to document "the hours reasonably spent by counsel, and thus must support its request by providing contemporaneous time records reflected, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done." *Id.* (internal citations, quotation marks, and alteration omitted).

### b.     *The Parties' Contentions*

Counsel for Plaintiff submitted contemporaneous time and billing records in support of

the application for attorney's fees. Reply Decl., Ex. I. Defendants contend that Plaintiff's

requested number of hours is unreasonably high. First, Defendants assert that many of the time

entries are duplicative, particularly "the entries [which] indicate that Mr. Calliste and Mr.

Brewington duplicated the work by attending several pre-trial discovery related conferences

together" and entries for time spent on "inter office communications." Def. Mem. at 14-15.

Defendants also argue that Attorney Calliste took the direct examination of only one witness

during the trial, and so "his attendance [at trial] was duplicative and unwarranted." *Id.* at 15.

Third, Defendants maintain that all time entries between May 5, 2004 and November 29, 2004

are "charges for time spent in relation to the criminal case." *Id.* According to Defendant,

Plaintiff should not be permitted to recover attorney's fees for these hours because the jury

already awarded Plaintiff attorney's fees in connection with the criminal case and because the

criminal case was resolved by the time this federal action commenced. *Id.* Defendants also

claim that Attorney Calliste expended excessive hours on certain tasks, and that numerous time

entries, such as "trial preparation," "legal research and review box," and "research on jury

charge," are vague and not sufficiently detailed to justify an attorney's fee award. *Id.* at 16-19.

In addition, Defendants assert that Plaintiff should not receive attorney's fees for work

done in connection with (1) the claims that Plaintiff withdrew before trial (specifically, her 42

U.S.C. § 2000-a, New York Civil Rights Law § 40, and negligent infliction of emotional distress

claims); (2) Plaintiff's intentional infliction of emotional distress claim, for which Defendants

were awarded judgment as a matter of law; and (3) the two claims on which the jury did not find

Defendants liable (specifically, Plaintiff's New York Executive Law § 296 claim and her

defamation claim). *Id.* at 8. Defendants state that Plaintiff achieved only limited success and her

successful claims are not "inextricably intertwined" with the unsuccessful claims. *Id.* at 8-9.

Asserting that each of Plaintiff's claims can be separated, Defendants argue that the attorney's

fees application is deficient because Plaintiff has failed to delineate which attorney hours were

spent on the Section 1981 claim. *Id.* at 10.

Plaintiff, on the other hand, maintains that "all the claims and the facts of plaintiff were

interrelated in such a fashion that the presentation of each and every fact was transferable and

applicable to the claims decided in favor of plaintiff by the jury." Reply Mem. of Law in Supp.

of Mot. for Att'ys Fees & Other Discretionary Costs ("Reply Mem.") at 5. Plaintiff also argues

that it was impossible to delineate which attorney hours were spent on the separate claims

because the "work done on one count in this case would be done on all counts." *Id.* at 5 n.1.

### c. *Unsuccessful Claims*

Plaintiff obtained a jury verdict in her favor on the Section 1981, negligence, vicarious

liability, and false arrest claims. The jury found in favor of Defendants on the N.Y. Exec. Law

§ 296 and defamation claims. The Court dismissed Plaintiff's intentional infliction of emotional

distress claim as a matter of law after the close of evidence. Trial Transcript ("Tr.") at 903-904.

Just prior to the commencement of trial, Plaintiff withdrew her 42 U.S.C. § 2000-a, N.Y. Civil

Rights Law § 40, and negligent infliction of emotional distress claims. Plaintiff, however, may

recover attorney's fees for "hours spent on [the] unsuccessful claims . . . if the claims are

inextricably intertwined and involve a common core of facts." *Reiter v. Metro. Transp. Auth. of

the State of N.Y.*, No. 01 Civ. 2762, 2007 WL 2775144, at *13 (S.D.N.Y. Sept. 25, 2007)

(quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) (internal quotation marks

omitted)). As the Supreme Court stated in *Hensley*,

In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Hensley*, 461 U.S. at 435.

Although Defendants argue that each of Plaintiff's claims required her to establish different legal elements, Defendants fail to acknowledge that each of Plaintiff's ten original claims all involve "a common core of facts." Each of these claims sought relief under alternate theories and for different aspects of the damages Plaintiff suffered as a result of the same incident, namely, Plaintiff's arrest on March 18, 2004 while she was in the Modell's store in Riverhead. Therefore, this is indeed a case where the time of Plaintiff's counsel was "devoted generally to the litigation as a whole" and Plaintiff's lawsuit "cannot be viewed as a series of discrete claims." *Id.* Accordingly, the Court declines to reduce the number of hours expended based upon Plaintiff's unsuccessful claims.

### d. *Hours Spent on Prior Criminal Trial*

The jury awarded Plaintiff $8,004.72 for the costs she incurred in connection with defending herself at the criminal trial. DE 47. The invoice submitted in support of that amount details attorney's fees and costs incurred by the Law Offices of Frederick K. Brewington between January 25, 2005 and March 11, 2005. Aff'n in Opp'n to Pl.'s Mot. for Att'ys Fees ("Derrico Aff'n"), Ex. C. In the instant attorney's fee application, Plaintiff seeks to recover attorney's fees for additional work done by her attorneys in connection with the defense of the underlying criminal case. Plaintiff states that these time entries reflect work done between May 5, 2004 and

November 29, 2004 that "were not included in the bill sent [by Plaintiff's counsel] to Ms. Cruz for the criminal **trial**, as these entries were not trial entries but pre-trial entries." Reply Decl. ¶ 13[2] (emphasis in the original). Plaintiff appears to contend that because these additional attorney's fees were not included in the amount awarded by the jury, she is entitled to recover them in this fee application. The Court disagrees. The criminal cause of action was concluded before this action commenced, and therefore the work done by Plaintiff's counsel to defend her in the criminal action was only peripherally related to the work done to bring her civil rights claim. Plaintiff had the opportunity during the instant trial to submit an invoice to the jury based upon all the work her counsel did in the prior criminal action. For whatever reason, Plaintiff did not do so. The jury awarded Plaintiff exactly what she asked for and the Court finds no basis to disturb that portion of the verdict or to enhance it. Accordingly, all attorney hours expended between May 5, 2004 and November 29, 2004, a total of 26.95 hours, are excluded from Plaintiff's award.

e. ***Hours Spent in Connection with Attorney's Fee Application and Motions for New Trial***

In addition, Plaintiff seeks attorney's fees in connection with the preparation of her opposition to Defendants' motion for a new trial and her application for attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees incurred in connection with preparing opposition to Defendants' motion for a new trial. *See Weingarten v. Optima Commc'ns Sys, Inc.*, No. 07 Civ. 964, 2008 WL 686626, at * 3 (S.D.N.Y. Mar. 12, 2008) (awarding plaintiff attorney's fees for work conducted on plaintiff's opposition to defendant's motion to set aside the verdict.). In

---

[2] "Reply Decl." refers to the May 11, 2007 Declaration of Frederick K. Brewington submitted in further support of Plaintiff's application for attorney's fees.

addition, when a plaintiff is awarded reasonable attorney's fees, the plaintiff is also entitled to an award of reasonable attorney's fees in connection with the time spent to prepare the fee application. *See, e.g.*, *Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999); *Valley Disposal, Inc. v. Cent. Vermont Solid Waste Mgmt. Dist.*, 71 F.3d 1053, 1059 (2d Cir. 1995); *Davis v. City of New Rochelle*, 156 F.R.D. 549, 560 (S.D.N.Y. 1994). In considering this issue, the Court takes note of the extensive arguments submitted by Defendants' counsel in support of its motion for a new trial as well as its opposition to Plaintiff's fee application (22-page brief plus affirmation). The Court has reviewed the time entries in connection with the fee application by Plaintiff's counsel and his opposition to Defendants's motion for a new trial, Reply Decl., Ex. I, and finds them to be reasonable. Accordingly, the Court declines to reduce these attorney hours.

      **f.**    ***Surplusage***

Defendants argue that the attorney's fee award should be reduced because of certain instances of inefficiency on the part of Plaintiff's counsel. The Court declines to reduce the number of attorney hours based on the fact that both Attorney Brewington and Attorney Calliste attended court conferences and trial. As the Second Circuit has noted:

> Under section 1988, prevailing parties are not barred as a matter of law from receiving fees for sending a second attorney to depositions or an extra lawyer into court to observe and assist. Nor are counsel forbidden from receiving fees for background research. Of course, a trial judge may decline to compensate hours spent by collaborating lawyers or may limit the hours allowed for specific tasks, but for the most part such decisions are best made by the district court on the basis of its own assessment of what is appropriate for the scope and complexity of the particular litigation.

*Carey*, 711 F.2d at 1146. Here, based upon the declarations of both Attorney Brewington and Attorney Calliste and the Court's own observations at trial, the Court finds that it was a

reasonable billing decision for trial counsel to be assisted by one associate, particularly in light of the fact that Defendants' counsel exercised the same reasonable billing decision in being accompanied by a second attorney throughout the trial. *See Simmon v. N.Y. City Transit Auth.*, No. CV-02-1575, 2008 WL 630060, at * 7 (E.D.N.Y. Mar. 5, 2008) (finding it "appropriate for the plaintiff to have two attorneys representing her at trial, particularly in light of the fact that the defendant had two attorneys representing it throughout this action" and declining to reduce attorney's fee award); *Lynch v. Town of Southampton*, 492 F. Supp. 2d 197, 213 (E.D.N.Y. 2007) ("[I]t is not unreasonable to have assistance in the preparation of witnesses and the handling of exhibits and transcripts during the trial."). As such, no downward adjustment to the reasonable hourly rate will be made for the hours Attorney Calliste assisted Attorney Brewington at trial.

Next, Defendants contend that the 13.35 hours spent by Attorney Calliste to draft the Complaint was unreasonably excessive. Def. Mem. at 16. Attorney Calliste asserts that this was a reasonable amount of time to expend drafting the Complaint because the Complaint was 31 pages long, contained ten different causes of action, and required him to review the criminal trial transcript and "conduct[] extensive legal research to make sure that the claims I placed in the Complaint are in good faith and proper based upon the facts available to me at that time." Decl. of Gregory Calliste, Jr. in Supp. of Pl.'s Application for Att'ys Fees ("Calliste Decl.") ¶ 19, 20. The Court finds that 13.35 hours was a reasonable amount of time to spend on this Complaint. Although the Court recognizes that the Law Offices of Frederick K. Brewington have substantial experience prosecuting civil rights cases, this was a case with somewhat unusual circumstances and the Complaint was more than simply boilerplate recitations of fact and law. The Court finds that the due diligence exercised by Attorney Calliste in preparing the pleadings was reasonable.

Moreover, the nature of the claims and alternative theories of liability would require a fair amount of research. *See Carey*, 711 F.2d at 1146 (finding that time spent on background research performed to "assist in establishing a new branch of specialization" would be compensated, while attorney hours spent researching to "raise these attorneys to a level of competence shared by many experienced practitioners within an established field of specialization" might not be compensable). Accordingly, the Court will not reduce any of the hours spent by Plaintiff's counsel on the Complaint.

Defendants also claims that the 10.6 hours expended by Attorney Calliste to prepare for the deposition of Defendant Gregory Kellerman was unwarranted and excessive. Def. Mem. at 16. The Court does not agree. As an initial matter, the Court's review of the invoices submitted does not reflect an expenditure of 10.6 hours to prepare for Defendant Kellerman's deposition. Rather, it appears to the Court that Attorney Calliste spent 5.75 hours preparing for and defending Plaintiff's deposition, 5.6 hours preparing for Defendant Kellerman's deposition, 3.75 hours conducting Kellerman's deposition, and a total of 6.4 hours defending and/or conducting depositions of other witnesses. The Court does not find these hours to be excessive and does not find that a reduction is warranted.

Defendants also contend that any time entry by Attorney Calliste spent on tasks of a clerical nature should be deleted. Def. Mem. at 17. Defendants point specifically to a time entry by Attorney Calliste on November 15, 2006 indicating that he met with "LVO re: time sheets and slips." *Id.* The Court agrees with Defendants that an attorney's regular hourly rate should not be charged for tasks that are clearly clerical. However, the Court has searched the contemporaneous billing records and found that this is the only such "clerical" time entry attributable to Attorney

Calliste. The time charged in the entry is two-tenths (.2) of an hour. In light of the negligible amount at issue here, this billed time will be excluded from the fee award.

## 2. Reasonable Hourly Rates

To determine reasonable hourly rates, the Court must refer to "the prevailing [market rates] in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). The Court must also consider the factors enumerated by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)[3] and must remain mindful that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 493 F.3d 117-18.

"Overall, hourly rates for attorneys approved in recent Eastern District of New York cases have ranged from $200 to $350 for partners, $200 to $250 for senior associates, $100 to $150 for junior associates, and $70 to $80 for legal assistants." *Cho*, 524 F. Supp. 2d at 207 (awarding fees in FLSA and New York Labor Law case based on $250 hourly rate for partner, $150 hourly rate for associate, and $75 hourly rate for legal assistant) (collecting cases, including *Corbett v. Reliance Moving & Storage, Inc.*, No. 1:00-cv-07656 (E.D.N.Y. May 30, 2007) (unpublished) (awarding an hourly rate of $250 per partner, $200 per senior associate, $150 per junior

---

[3] The *Johnson* factors are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitation imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Johnson*, 488 F.2d at 717-19.

associate, and $70 per legal assistant for work performed in a straightforward ERISA matter)).

      a.       *__Frederick K. Brewington, Esq.__*

Frederick K. Brewington, Esq. graduated from Northeastern University School of Law in 1982 and has owned his own practice since 1987. Decl. of Frederick K. Brewington ("Brewington Decl.") ¶ 26. He has "practiced extensively and primarily in the area of Federal Civil Rights law," and has tried numerous civil rights cases to verdict in state and federal courts. *Id.* ¶¶ 26, 27. In addition to his litigation of "over 50 reported cases," Attorney Brewington also serves as a lecturer, instructor, and community activist. *Id.* ¶¶ 27-29. His "regularly charged hourly rate is $350 per hour," *id.* ¶ 35, and Plaintiff contends that "Mr. Brewington regularly bills and is paid the hourly rate of $350.00." Mem. of Law in Supp. of Mot. For Att'ys Fees ("Pl. Mem.") at 13. Plaintiff requests the Court set Attorney Brewington's hourly rate at $350 or $400 per hour. *Id.* at 10.

Plaintiff asserts that Attorney Brewington is entitled to this "higher" hourly rate because he is "recognized as [an] expert[] in [his] respective field[]." Reply Mem. at 6. Plaintiff further claims that a number of other *Johnson* factors warrant an hourly rate for Attorney Brewington of $350 or $400 per hour. First, with respect to the "novelty and difficulty of the questions" involved in Plaintiff's lawsuit and the "skill required" to prosecute her civil rights claims, Plaintiff contends that obtaining a verdict in her favor "required expertise in the Civil Rights law and sharpened advocacy skills." Pl. Mem. at 11. In addition, Plaintiff maintains that her counsel's efforts on her behalf garnered several notable results, including "a sense within plaintiff and Modell's and the general retail community that justice can be had when issues of abuse of authority, unequal treatment and lack of responsiveness are challenged . . . ." *Id.* The

Court is familiar with the caliber of representation and the extent of this litigation. Attorney

Brewington is an experienced and accomplished trial attorney with more than 25 years in

practice. His reputation in the civil rights field is extensive and has been publicly recognized, as

attested to in legal publications as well as in the general media.

According to Plaintiff, this case also precluded Attorney Brewington from taking on other

employment and involved "strict time limitations that interfered with [his] other pressing legal

obligations." *Id.* Court calendars in this District substantiate the latter assertion.

Other cases within this district in which Attorney Brewington's clients were awarded

attorney's fees after prevailing on their civil rights causes of action are relied upon by Plaintiff

here. *See Montano v. Suffolk County Legislature*, No. 03-CV-1506 (July 21, 2006) (awarding

fees at rate of $300 per hour for Attorney Brewington's work on a case that settled prior to

discovery) (Brewington Decl., Ex. D); *Duke v. County of Nassau*, No. 97-CV-1495 (April 14,

2003) (awarding fees at rate of $300 per hour for Attorney Brewington's work on a lengthy civil

rights trial) (Brewington Decl., Ex. E); *Werring v. SUNY Farmingdale*, No. CV-98-5248 (Oct. 4,

2000) (awarding fees calculated at $300 per hour for Attorney Brewington's work on a five-day

trial) (Brewington Decl., Ex. C); *Goosby v. Town Bd. of the Town of Hempstead*, No. 88 Civ.

2453 (E.D.N.Y. July 21, 2000) (endorsing stipulation providing fees calculated at $290 per hour

for Attorney Brewington's work ) (Brewington Decl. ¶ 37; Reply Decl., Ex. D); *Rivera v. County

of Nassau*, No. 96 CIV 0176 (E.D.N.Y. Aug. 16, 1999) (awarding Attorney Brewington $250

hourly rate for work on sanctions motion) (Reply Decl., Ex. C). *See also* Reply Decl. ¶ 4 (citing

*Bloomfield v. Town of Hempstead*, No. 91 Civ. 2554 (E.D.N.Y. May 4, 1993) (awarding hourly

rate of $250)); Reply Decl. ¶ 5 (citing *Jackson v. Town of Hempstead*, No. CV-98-5635 (Mar. 20,

2002) (awarding hourly rate of $300)).

In further support of his requested hourly rate of $350 or $400, Attorney Brewington cites *Brady v. Wal-Mart Stores, Inc.*, a case brought in this district where "the firm of Thompson Wigdor & Gilly LLP sought an hourly rate of $450, which was seen to be reasonable." Brewington Decl. ¶ 47.[4]  Attorney Brewington argues that "[i]n keeping with the experience, expertise, reputation and the hourly rate charged by partners in firms here on Long Island (ranging from $350.00 to $550.00 per hour) the rate of $350.00 to $400.00 for Mr. Brewington would be proper." *Id.*

Plaintiff also submits a June 28, 2001 letter written to Attorney Brewington from Lawrence Solotoff, Esq., a partner in a Long Island law firm who has practiced in the labor and employment field for more than twenty-seven years.  Therein, Attorney Solotoff states that in the matter of *Bjorkman v. Blumeneranz, Klepper Wilkins & Dubofsky, Ltd.*, No. 97 Civ. 882, litigated in this district, he was awarded attorney's fees "as senior trial counsel at the rate of $325.00 per hour."  Reply Decl., Ex. G.  Finally, Plaintiff submits an August 10, 2001 letter from David N. Yaffe, Esq. to District Judge Bernard A. Friedman of the Eastern District of Michigan in connection with an unrelated attorney's fees application by Attorney Brewington.  There, Attorney Yaffe stated that "[b]ased upon Mr. Brewington's skill, knowledge and level of expertise in the area of civil rights law, I respectfully submit that an hourly rate of $300 is more than reasonable and it is in keeping with the rates billed by attorneys who practice in" the Eastern

---

[4]        As noted later in this Order, the court reduced the requested hourly rate for each of the firm's founding partners, who were also "experienced trial attorneys who contributed to [Plaintiff's] success in this case," to $350 per hour.  *Brady v. Wal-Mart Stores, Inc.*, 455 F. Supp. 2d 157, 208 (E.D.N.Y. 2006).

District of New York. Reply Decl., Ex. H. The Court notes that these rates of $325 per hour and $300 per hour were approved in cases that had concluded six years prior to the instant verdict. Likewise, in the previously cited cases, Attorney Brewington was awarded fees at an hourly rate ranging from $250 to $300 per hour in cases concluded some seven to fourteen years ago, with the exception of the *Duke* (four years prior) and *Montano* (one year prior) cases in which Attorney Brewington was awarded a fee at the hourly rate of $300.

Defendants contend that the "hourly rates that Mr. Brewington seeks to be awarded are excessive and must be reduced." Def. Mem. at 10. Defendants argue that "the size of the firm representing a plaintiff seeking attorney's fees may also be considered a factor in determining a reasonable attorney's fee . . . [and] Mr. Brewington maintains a small firm in Long Island, New York and employs a small number of associates." *Id.* at 11-12. Defendants contend that in similar situations, courts in this district "have held that $175.00 to $200.00 per hour is reasonable." *Id.* at 12 (collecting cases). Defendants also argue that Plaintiff's submission demonstrates that Attorney Brewington "has never been awarded $350 for his services in other cases in which he was awarded attorney's fees." *Id.* Finally, Defendants note that Attorney Brewington charged Plaintiff only $300 per hour for his services in connection with her criminal trial "which ended just one month before this action was commenced." *Id.*; Derrico Aff'n, Ex. C.

The Court has considered Attorney Brewington's qualifications, the attorney's fees awarded to his clients by other courts within this district, the complexity of this case, and the results obtained. In doing so, the Court concludes that $325 per hour is a reasonable rate for the work of an attorney with Attorney Brewington's expertise and skill, especially in light of the success achieved in the instant case. An attorney's fee award based upon an hourly rate of $325

is in line with the prevailing market rate within this district.  *See Coated Fabrics Co. v. Mirle Corp.*, No. 06 CV 5415, 2008 WL 163598, at *7 (E.D.N.Y. Jan. 16, 2008) ("Hourly rates approved in recent Eastern District of New York cases have ranged from $200 to $375 for partners. . . ."); *Expeditors Int'l of Washington, Inc. v. Rubie's Costume Co., Inc.*, No. 03 CV 333, 2007 WL 430096, at *2 (E.D.N.Y. Feb. 2, 2007) (awarding partner with 25 years experience $340 to $370 per hour);  *Comm'n Express Nat'l, Inc. v. Rikhy*, No. 03-4050, 2006 WL 385323, at *6 (E.D.N.Y.  Feb. 17, 2006) (awarding partner $300 per hour); *Gen'l Motors Corp. v. Villa Marin Chevrolet, Inc.*, 240 F. Supp. 2d 182, 188 (E.D.N.Y. 2002) (finding $315 to $375 to be appropriate hourly rates for experienced partners).

### b.    *Gregory Calliste, Jr., Esq.*

With respect to Attorney Calliste, Plaintiff requests an hourly rate of $250 as a "fair and reasonable [rate] for an attorney of his skill, qualifications and experience."  Brewington Decl. ¶ 41.  Attorney Calliste graduated from law school in May 2003 and has worked as an associate at the Law Offices of Frederick K. Brewington since January 2004.  Calliste Decl. ¶ 3.  Attorney Calliste contends that his experience appearing in court, participating in civil and criminal trials, and drafting briefs "surpasses most 3rd year associates."  *Id.* ¶¶ 4-6.  Attorney Calliste has been "involved with [Plaintiff's] matter from the inception" in both the underlying criminal trial and the instant federal litigation.  *Id.* ¶ 7.  In addition to his work on pretrial discovery and assistance with trial preparation, Attorney Calliste conducted the direct examination of one witness during the federal trial.  *Id.* ¶¶ 10-14.

Defendants contend that the requested hourly rate of $250 for Attorney Calliste is "extremely excessive and unwarranted for a third year associate," and is not in line with the

hourly rates awarded within this district to junior associates. Def. Mem. at 13 (collecting cases).
Defendants also argue that the invoice for Plaintiff's criminal cases shows that Attorney
Calliste's hourly rate was only $100 per hour. *Id.*; Derrico Aff'n, Ex. C.

Although Plaintiff asserts that $250 per hour is in line with "the rates prevailing in the
legal community for work of comparable complexity performed by attorneys of comparable
experience and qualifications," Plaintiff has supplied no evidence that the Law Offices of
Frederick Brewington has ever actually charged or received payment at a rate of $250 for a junior
associate's work by other clients in this district for similar cases. While Attorney Calliste was
undoubtedly an invaluable resource to Plaintiff during the pendency of this federal action (as well
as the preceding criminal action), given Attorney Calliste's junior status and Plaintiff's failure to
submit any evidence that her requested hourly rates with respect to Attorney Calliste were
charged to or paid for by other clients (or any evidence that these rates are in line with other
junior associates in the relevant market) the Court declines to set Attorney Calliste's hourly rate
at $250. *See Coated Fabrics Co.*, 2008 WL 163598 at *7 (noting that "[h]ourly rates approved in
recent Eastern District of New York cases have ranged from . . . $100 to $150 for junior
associates"); *Cho*, 524 F. Supp. 2d at 206-07 (approving rate of $175 per hour for attorney with
three years of experience who presented evidence that she was "awarded this same amount in
another wage-and-hour case brought in the Southern District of New York"); *Reiter*, 2007 WL
2775144 at *8 (approving rate of $150 for junior associate). Having reviewed the
contemporaneous time records and observed the tasks completed by Attorney Calliste, having
reviewed the docket and the history of this litigation and Attorney Calliste's involvement, and
having observed Attorney Calliste during the trial, the Court finds that an hourly rate of $165 for

Attorney Calliste is reasonable.

   c.      *Precilla Lockett*

Plaintiff requests an hourly rate of $100 for the work done by Ms. Lockett, a 1999 law school graduate who has not yet passed the bar examination. Reply Decl. ¶ 9. In connection with this matter, Ms. Lockett "served the important role of coordinating the reproduction of trial exhibits and cross referencing same with witnesses and issues to be tried." *Id.* ¶ 9. Plaintiff also notes that Judge Seybert awarded Ms. Lockett an hourly rate of $100 for her work in *Duke v. County of Nassau*, No. 97-CV-1495 (E.D.N.Y. Apr. 14, 2003). *Id.* ¶ 10; Brewington Decl., Ex. E. In opposition, Defendants contend that the time entries indicate that Ms. Lockett performed work that was clerical in nature, such as "scanning an ECF document" and "telephoning the Court for a trial adjournment," and so an hourly rate of $100 per hour is not warranted here. Def. Mem. at 18.

Having reviewed the contemporaneous time sheets submitted in connection with the attorney's fee application, it does appear that the few time entries submitted by Ms. Lockett reflect tasks performed for this matter that are normally classified as clerical work. Although one time entry is entitled "Trial Preparation," Attorney Brewington's affidavit describes her contributions as "coordinating the reproduction of trial exhibits and cross referencing same with witnesses and issues to be tried." These tasks are more akin to paralegal duties. While Plaintiff is quite right that Judge Seybert awarded Ms. Lockett an hourly rate of $100 in connection with her work on the *Duke v. County of Nassau* matter, in that case Judge Seybert found that Ms. Lockett performed work "of a substantive nature [that was] similar to work that would be assigned to an admitted attorney, albeit a junior attorney." Brewington Decl., Ex. E at 7. No

such showing has been made here.

Based upon the evidence submitted as to the nature of Ms. Lockett's qualifications and her duties in connection with this case, the Court finds that an hourly rate of $75, a rate normally awarded in this district for paralegal work, is appropriate. *See Coated Fabrics Co.*, 2008 WL 163598 at *8 (approving $75 per hour fee for paralegal work); *Finkel*, 2008 WL 552852 at *6 (finding $75 per hour fee for paralegals to be "reasonable and appropriate"); *Cho*, 524 F. Supp. 2d at 208 (approving $75 per hour fee for legal assistant's work on wage and hour case).

### d. *Wendy Pelle-Beer, Lesley J. Laniox, and Victoria Roberts*

Although Plaintiff requests a fee award for the work done by Ms. Pelle-Beer, Ms. Laniox and Ms. Roberts, Plaintiff has not provided any supporting evidence as to the backgrounds and experience of these individuals or any evidence in support of the requested hourly rates for them. The Court is aware that Ms. Pelle-Beer is a junior associate based upon her appearances before the Court in other cases. It further appears that all three individuals performed a nominal amount of work on the case. The Court concludes that $150 per hour is a reasonable hourly fee for Ms. Pelle-Beer's work and is in line with the prevailing rate in the legal community for work performed by attorneys of comparable experience and qualifications. In light of the fact that Ms. Laniox and Ms. Roberts together billed less than one hour to this matter, and given the lack of evidentiary support regarding their roles and experience, the Court declines to award any attorney's fees for the seven-tenths (.7) and two-tenths (.2) hours attributed to these two individuals.

### 3. Calculation of Presumptively Reasonable Rate

In sum, the Court has determined that no hours should be deleted from the attorney's fee award for the work of Attorney Brewington, Ms. Lockett, and Attorney Pelle-Beer. The Court further determines that 24 hours should be deleted from the award for Attorney Calliste's work.[5] Based upon the Court's adjusted reasonable hourly rates and adjusted reasonable number of hours, the presumptively reasonable attorney's fees in connection with this action are $80,326.50, and are calculated as follows:

| Attorney/Legal Intern | Hourly Rate | No. of Hours Requested | No. of Hours Awarded | Award |
|---|---|---|---|---|
| Attorney Brewington | $325 | 156.30 | 156.30 | $50,797.50 |
| Attorney Calliste | $165 | 195.10 | 171.10 | $28,231.50 |
| Precilla Lockett | $75 | 14.10 | 14.10 | $1,057.50 |
| Attorney Pelle-Beer | $150 | 1.6 | 1.6 | $240.00 |
| Lesley J. Laniox | n/a | .7 | 0 | 0 |
| Victoria Roberts | n/a | .25 | 0 | 0 |
| **Total** | | | | **$80,326.50** |

### 4. Arguments for Reductions to Presumptively Reasonable Fees

Defendants contend that many of the time entries are vague and provide insufficient detail as to the exact nature of the tasks performed. Def. Mem. at 18. The Second Circuit has clearly held that an attorney's contemporaneous time records "should specify, for each attorney, the date,

---

[5] The Court subtracted 23.8 hours for Attorney's Calliste's work on the criminal matter and .2 hours for the 11/15/06 time entry that reflects Attorney Calliste billing for work of a clerical nature.

the hours expended, and *the nature of the work done*." *Carey*, 711 F.2d at 1148 (emphasis added). The burden is on Plaintiff's counsel to submit time records "from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required." *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1265 (2d Cir. 1987). Upon review of the invoice, the Court agrees that Plaintiff's counsel could have amplified some of the time entries, such as "trial preparation" and "prepare for conference." Attorneys are not required to provide the Court with a detailed accounting of each minute spent performing a task in the case. Rather, the records produced should be specific enough to assess the amount of work performed. *See Hensley*, 461 U.S. at 437 n.12. Having evaluated the records of the Brewington firm, the Court finds that these time entries are not so vague that the Court is unable to determine the nature of the work performed. Accordingly, the presumptively reasonable fee will not be adjusted downward.

## III.   COSTS

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Local Civil Rule 54.1 provides that taxable costs include monies expended for trial transcripts, deposition transcripts "if the deposition was used or received in evidence at the trial," and witness fees and mileage for witnesses who testify at trial. An award of costs under a fee-shifting statute such as Section 1988 "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987). Thus, "[i]dentifiable, out-of-pocket disbursements for items such as photocopying, travel, and

24

telephone costs are generally taxable under § 1988." *See Kuzma v. Internal Revenue Serv.*, 821 F.2d 930, 933-34 (2d Cir. 1987). Plaintiff seeks a total of $4,309.28 in costs.

The Court maintains sole discretion whether to allow taxation of costs. *LoSacco v. City of Middleton*, 71 F.3d 88, 92 (2d Cir. 1995). Plaintiff, as the prevailing party, bears the burden to justify the taxation of costs. *John & Kathryn G. v. Bd. of Educ. of Mount Vernon Pub. Sch.*, 891 F. Supp. 122, 123 (S.D.N.Y. 1995).

Any costs associated with the criminal action, as opposed to this action, will not be awarded. Thus, Plaintiff's request for costs will be reduced by $172.16. Further, the Court agrees with Defendants that many of the costs associated with "postage" or "copying" are vague and, because the date of these costs often does not correlate with the attorney time entries, it is almost impossible for the Court to determine the purpose for these postage or copying costs. *See Tri-Star Pictures, Inc. v. Unger*, 42 F. Supp. 2d 296, 307 (S.D.N.Y. 1999). Accordingly, in its discretion, the Court reduces the Plaintiff's remaining costs by $75. The Court finds Defendants' remaining objections to Plaintiff's request for costs to be without merit. Therefore, Plaintiff will be awarded $4,062.12 in costs.

## IV. CONCLUSION

Based on the foregoing, Plaintiff's attorney's fee application is hereby GRANTED to the extent set forth above, and Plaintiff is awarded $80,326.50 in attorney's fees. Plaintiff's request to tax costs is also hereby GRANTED and Plaintiff is awarded $4,062.12 in costs.

**SO ORDERED.**

Dated: Central Islip, New York
      March 31, 2008

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge